**In the Matter of Dixie Lee HENDRICKS, Debtor.**

**James F. DeNEEN, Trustee in Bankruptcy, Plaintiff,**

**v.**

**Dixie Lee HENDRICKS, Defendant.**

**Bankruptcy No. 80–02569–SW. Adv. Action No. 81–0473–SW.**

United States Bankruptcy Court, W. D. Missouri, Southwestern Division.

May 7, 1981.

---

James F. DeNeen, Joplin, Mo., for plaintiff.

R. Deryl Edwards, Joplin, Mo., for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT DIRECTING TURNOVER BY DEFENDANT OF THE SUM OF $2285 TO PLAINTIFF

DENNIS J. STEWART, Bankruptcy Judge.

This is an action brought by the plaintiff trustee in bankruptcy to recover from the debtor death benefits which she received as the beneficiary of her deceased husband's life insurance policy within 180 days following the filing of her petition for relief in bankruptcy. See § 541(a)(5)(C), Title 11, United States Code.

In responding to the trustee's complaint, the debtor admits receiving the sum of $52,-800 in life insurance benefits within 180 days of the filing of the petition. But she contends that all of that amount should be set off to her as exempt under provisions of § 522(d)(11)(C), Title 11, United States Code, providing for the exemption of:

"a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

On the issues thus joined by the pleadings, the court conducted a plenary evidentiary hearing on April 24, 1981, in Joplin, Missouri. The plaintiff trustee in bankruptcy then appeared personally and as his own counsel. The defendant appeared personally and by her counsel, R. Deryl Edwards, Esquire. The defendant thereupon adduced uncontradicted evidence to the effect that she was a dependent of her decedent husband as of the date of his death; that currently she earns the sum of $490.67 per month in take-home pay and incurs the much greater sum of $1419.00 in monthly expenses; that additionally, she incurs considerable expenses for medicine and medical treatment for herself and also for one of her dependents, who suffer from diabetes [1]; that she also supports one other minor dependent; that she is currently also temporarily supporting a third person who is temporarily out of employment [2]; and that the likelihood of her improving her employment and income situation in the near future is

1. According to the defendant's uncontradicted testimony, she herself is a diabetic who requires considerable medicine each month and the same is true of a 13-year-old daughter. According to an unobjected-to and uncontradicted summary which she adduced in evidence, her monthly expenses are as follows:

"$125.00 rent
50.00 furniture payment
50.00 TV & stove payment
100.00 utilities (water, gas, elec. & sewer)
30.00 phone
18.00 TV cable
600.00 groceries
60.00 medicine (insulin, needles & etc.)
48.00 Fasting blood sugar
126.00 gas & oil for car
40.00 meals at work
64.00 car ins. $385 every 6 mos teenage son
50.00 laundry & soap (laundromat)
8.00 newspaper
50.00 clothing
1419.00"

2. According to the defendant's uncontradicted testimony this is a temporary situation, but one of indefinite duration.

small, for she is of limited educational background and narrow work experience.

Under such circumstances, when the debtor has demonstrated that her recurring expenses and those of her dependents greatly exceed a meager income and there is little or no prospect of significant improvement in income level, it seems that the greater part of the benefits are necessary for their support and should accordingly be regarded as exempt within the meaning of § 522(d)(11)(C), *supra*. It is virtually impossible, under such circumstances, to avoid a finding that nearly all the death benefits are necessary to the support function. This is particularly so when no contrary evidence has been adduced and when the trustee, although granted an explicit opportunity to do so, has not contended that any sum certain should be paid into the bankruptcy estate. Further, the governing statute appears to have no time limit on the need for support monies, and this makes it difficult for the court to determine a finite amount to constitute the exemption. And finally, a finding and conclusion to this effect appears to be compelled even though the defendant admits that she has already, subsequent to the date of the order for relief in bankruptcy, and without seeking or obtaining permission of the bankruptcy court, spent a substantial sum of the money. For the greater part of these sums were expended for articles which would ordinarily be classified as within the support function—to satisfy an automobile loan, the expenses of the burial of the deceased insured, and the balance on a home loan. See *Poolman v. Poolman*, 289 F.2d 332, 335 (8th Cir. 1961) ("It is safe to say that the obligation to maintain and support a family includes the obligation to keep a roof over their heads.")

Therefore, on the basis of the uncontradicted evidence of such overwhelming character, the court has no alternative but to conclude that the greatest portion of the insurance benefits must be relinquished to the debtor for her support and that of her dependents. Nevertheless, other facts are demonstrated by the files and records in this chapter 7 case, to the effect that the defendant has had considerable indebtedness discharged by means of these proceeding[3]; that the debts discharged include one contended to be nondischargeable, but determined by the court to be dischargeable after a plenary evidentiary hearing[4]; and that it was the inescapable duty of the trustee to do as he has done and claim the proceeds of the life insurance policy on behalf of the estate in bankruptcy. These facts demonstrate that it is equitable that the debtor pay some monies, however nominal, into the estate in consideration of the munificence which has been accorded her under the national bankruptcy law. The law is essentially to the same effect and purpose. The authorities which are binding of this court are to the effect that, under § 541 of the Code, even exempt property must initially be regarded as going into the bankruptcy estate and then claimed and distributed as exempt. *Kursh v. Dial Finance Company of Missouri*, 9 B.R. 801 (W.D.Mo. Bkrtcy.1981). Therefore, the trustee may be awarded compensation on the amount collected under § 326 of the Code. The maximum compensation for the amount of $52,800.00 under § 326, *supra*, would be $1559.60. The files and records show that a reasonable amount of compensation in the sum of $1000.00 is appropriate and merited in view of the trustee's faithful performance of the duties imposed upon him by § 541, *supra*. The performance of this duty by the trustee has been of considerable benefit to the debtor inasmuch as it has culminated in this finding that she is entitled to the great majority of the insurance benefits.

Further, some of the monies which have been spent to date by the debtor have not been spent to serve the support function. Into this category fall the principal amounts of the loans to family members ($900) and to the defendant's mother ($385)

---

3. A total indebtedness of $16,214.66 was scheduled by the defendant in her petition to discharge them in these bankruptcy proceedings.

4. See *Rose v. Hendricks*, Adversary Action No. 80–0529–3 (W.D.Mo. Bkrtcy. Dec. 10, 1980), in which a loan of $8,456.78 was discharged over the lender's objection.

which have not been demonstrated to be necessary for the support function and should therefore be turned over to the trustee.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the defendant is entitled under § 522(d)(11)(C), *supra*, to all the above described life insurance benefits except the sum of $2285, which shall be turned over to the plaintiff with reasonable dispatch.