**In re Clarence W. CATTON, Sr., Debtor.**

**William H. CHRISTISON, Chapter 7 Trustee for Clarence W. Catton, Sr., Petitioner–Trustee,**

v.

**Clarence W. CATTON, Sr., Respondent–Debtor.**

**Bankruptcy No. 87–82350.**

United States Bankruptcy Court, C.D. Illinois.

June 8, 1988.

Barry M. Barash, Galesburg, Ill., for debtor.

Andrew W. Covey, Peoria, Ill., for William H. Christison, trustee.

OPINION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter came on to be heard on the Trustee's objection to the debtor's claim of exemptions. The debtor and his wife owned their residence in joint tenancy. The joint tenancy was severed when, as part of an estate plan, they conveyed their residence to a land trust, with each receiving an undivided one-half beneficial interest in the land trust. Subsequently, the debtor's wife died, leaving all of her property to the debtor. After his deceased wife's probate estate was opened, the land trust conveyed a one-half interest in the residence to the debtor and one-half to his deceased wife's probate estate, thereby terminating the land trust. Approximately two years

later the debtor filed a Chapter 7 proceeding.

In his Chapter 7 proceeding the debtor claimed an exemption for both his homestead interest in the residence and that of his deceased wife which passed to him pursuant to Chapter 110, para. 12–902, Ill.Rev. Stat. (1985). The debtor also claimed an exemption for the one-half interest in the residence owned by his deceased wife pursuant to Chapter 110–½, para. 15–1, Ill. Rev.Stat. (1985), which provides in part as follows:

> "Spouse's award. (a) The surviving spouse of a deceased resident of this State whose estate, whether testate or intestate, is administered in this State, shall be allowed as the surviving spouse's own property, exempt from the enforcement of a judgment, garnishment or attachment in the possession of the representative, such a sum of money as the court deems reasonable for the proper support of the surviving spouse for the period of 9 months after the death of the decedent in a manner suited to the condition in life of the surviving spouse and to the condition of the estate ..."

The debtor also filed an appropriate request with the state court to have that court set the surviving spouse's award. His deceased wife's probate estate is still open and is insolvent. The debtor has continued to reside in the residence.

The Trustee objected to the debtor's claim of exemption as it pertains to the deceased wife's one-half interest in the residence, and also filed a claim in the state court probate proceedings, seeking to have the surviving spouse's award paid to him. The Trustee contends title to the surviving spouse's award passed to him pursuant to Section 541 of the Bankruptcy Code, 11 U.S.C. Sec. 541, and Section 15–1 of the Probate Act should be interpreted to mean that the surviving spouse's award is exempt from attachment by creditors of the

debtor's deceased wife, but that it is not exempt from the claim of the debtor's creditors. The state court has yet to rule on the claims of the debtor and the Trustee.

 The debtor and the Trustee have raised an issue as to what was intended by the language "exempt from the enforcement of a judgment, garnishment or attachment in the possession of the representative". Does it mean that the surviving spouse's award is exempt from the claims of debtor's creditors, as contended by the debtor, or does it mean that the award is exempt from the claims of creditors of the debtor's deceased wife as contended by the Trustee?

In *In re Wagher*, 81 B.R. 13 (Bkrtcy.C.D. Ill.1988), this Court had occasion to construe Section 15–1 of the Probate Act. In that case this Court recognized the holding in the *Matter of Sullivan*, 680 F.2d 1131 (7th Cir.1982) that a debtor's exemptions are not limited to those found in Section 12–1001 of the Code of Civil Procedure (Ill.Rev.Stat.1985, Ch. 110, para. 12–1001), but that a debtor can rely on other chapters of the Illinois Statutes as the basis for a claim of exemption. In *Wagher* this Court also pointed out that the Court of Appeals in *Sullivan* had not decided that Section 15–1 created an exemption which a surviving joint tenant could utilize, and this Court went on to hold it did not. This Court is now presented with the issue of whether a surviving spouse can claim an exemption for an award under Section 15–1 where the deceased spouse's estate is being probated, an issue also not decided by *Sullivan*.

Section 15–1 has not been construed by the Illinois courts. However, the Illinois Supreme Court in *Jespersen v. Mech*, 213 Ill. 488, 72 N.E. 1114 (1905) held under a predecessor to Section 15–1 that the widow's award could be reached by her creditors after it had been allowed.[1] A similar result is required under Section 15–1.

---

1. The statutory provision construed by the Illinois Supreme Court was Chapter 3, Section 74, Ill.Law 1871–72, p. 77 which provided in part as follows:

"Widow's award. Sec. 74. The widow, residing in this state, of a deceased husband whose estate is administered in this state, whether her husband died testate or intestate, shall, in all cases, in exclusion of debts, claims,

The goal of Section 15–1 and its predecessors is to award to the surviving spouse property of the deceased spouse's estate, which otherwise would be subject to the claims of the deceased spouse's creditors, to permit the surviving spouse to live for a period of nine months in a manner in which the surviving spouse had been accustomed. If the surviving spouse's award was not exempt from the claims of the deceased spouse's creditors, the goal of Section 15–1 would be defeated. Therefore, Section 15–1 grants to property subject to the surviving spouse's award a limited exemption "from the enforcement of a judgment, ... in the possession of the representative." Once the surviving spouse's award is allowed, and the property subject to the award passes to the surviving spouse, the goal of Section 15–1 has been achieved and the property awarded to the surviving spouse is then treated like any other property of the surviving spouse. It is subject to the claims of the surviving spouse's creditors and the exemptions provided by other provisions of the Illinois Revised Statutes, such as Parts 9 and 10 of Article XII of the Code of Civil Procedure, (Ill.Rev. Stat.1985, Ch. 110, Sections 12–901—12–1102), which will be subsequently discussed in this opinion and order. For these reasons, this Court concludes the surviving spouse's award is not exempt from the claims of the debtor's creditors, and therefore the debtor cannot claim as exempt his deceased wife's one-half interest in the residence.

The debtor also claimed a $2,000.00 exemption for his deceased wife's interest in personal property, under Section 12–1001 of the Code of Civil Procedure, which provides in part as follows:

"Sec. 12–1001. Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment or distress for rent:

. . . . .

(b) The debtor's equity interest, not to exceed $2,000.00 in value, in any other

charges, legacies and bequests, except funeral expenses, be allowed, as her sole and exclu-

property;" Ill.Rev.Stat.1985, Ch. 110, para. 12–1001.

The Trustee also objected to this claim of exemption.

An exemption is personal in nature and can only be asserted by or on behalf of a debtor. *Matter of Freund*, 32 B.R. 622 (Bkrtcy.W.D.Wis.1983). Section 12–1001 specifically limits the exemption to a debtor and contains no language which permits a surviving spouse to claim an additional exemption on behalf of a deceased spouse. Section 12–1003 of the Code of Civil Procedure provides that when the head of a family dies, the family can claim the exemption conferred upon the head of the family by Section 12–1001, Ill.Rev.Stat. 1985, Ch. 110, para. 12–1003. But in this case, there was no showing the debtor's deceased wife was the head of the family. The debtor mistakenly relies on the section of the Code of Civil Procedure which provides that after the death of an individual entitled to claim a homestead exemption, the right to claim the exemption continues for the benefit of the surviving spouse so long as he or she continues to occupy such homestead. Ill.Rev.Stat.1985, Ch. 110, para. 12–902. Section 12–902 is limited to the homestead exemption under Part 9 of Article XII of the Code of Civil Procedure and is not applicable to the exemption of personal property under Part 10 of Article XII of the Code of Civil Procedure, which has a separate provision, Section 12–1003, pertaining to the passing of a claim of exemption for personal property upon the death of the head of a family. Therefore, this Court concludes the debtor may not claim as exempt under Section 12–1001, $2,000.00 on behalf of his deceased wife.

IT IS, THEREFORE, ORDERED that the Trustee's objections to the debtor's claim of exemptions, be and the same are hereby ALLOWED.

sive property forever, the following, to-wit: ..."