**In re Charles F. DICKSON and Shari D. Dickson, Debtors.**

**Bankruptcy No. 89–01361–W.**

United States Bankruptcy Court,
N.D. Oklahoma.

May 15, 1990.

Bransford H. Shoemake, Pawhuska, Okl., for debtor.

**ORDER DENYING TRUSTEE'S
MOTION TO DISALLOW
CLAIM OF EXEMPTION**

MICKEY DAN WILSON, Chief Judge.

Upon consideration of the record herein, the Court, pursuant to Bankruptcy Rules 7052 and 9014, finds, concludes and orders as follows.

## FINDINGS OF FACT

On April 16, 1987, Oklahoma Governor Henry Bellmon signed into law House Bill 1331 amending 31 O.S. § 1 to add a new subsection (A) ... (20), providing for exemption of tax-qualified retirement plan interests. An emergency clause caused the law to become effective immediately, i.e. on April 16, 1987.

On May 15, 1989 Charles F. Dickson and his wife ("Debtors") filed their petition seeking relief under Chapter 7. Debtors claim as exempt "retirement: Southwestern Life Insurance Company./Box 726, El Reno, OK 73036 (21 years with Bartlesville City)". Debtors' Schedule B–4 does not specify the statute creating the exemption, contrary to the express instructions of Official Form No. 6; there is only a vague, catchall recital as follows:

All that property described as exempt in Title 31 O.S., including but not restricted to all items therein described which exemptions have not been otherwise waived by petitioner(s) specifically including 75% of all current wages and earnings of petitioner(s) herein during the last 90 days, and including all property described as exempt by federal law provided that wherever either state or federal law provides for a greater exemption that the debtors claim under such law as provides for them the greater exemption.

On the same Schedule B–4, the value of the claim of exemption is left blank. Debtors did not list the retirement plan in their Schedule B–2. Debtors' Schedule A–2 reports secured debts incurred sometime in 1984, 1985, 1986, and 1987 totalling $33,-750.00 secured by collateral valued at only $12,500.00 (not counting one debt of $1,000 secured by collateral of equal value and to be reaffirmed). Debtors' Schedule A–3 reports one unsecured debt of $110.00 incurred sometime in 1986, four unsecured debts totalling $903.27 incurred sometime in 1987, and other unsecured debts incurred in 1988. The meeting of creditors was scheduled, held and concluded on June 19, 1989, and within thirty (30) days of that date, on July 17, 1989, the Trustee filed his "Motion for Disallowance" seeking the Court to disallow as exempt property the Southwestern Life Insurance Retirement Plan for the reason "that said debtors are not entitled to claim the above-described property as exempt property." After initial hearing, on September 11, 1989 debtor Charles F. Dickson ("Mr. Dickson;" "Debtor") filed his "Objection to Motion for Disallowance" which recited that "debtor, in support of his objection, would state that his claim for exemption should be allowed pursuant to § 541(C)(2) of the U.S. Bankruptcy Code, 31 O.S.A. § 1(A)(20) and 60 O.S.A. § 326–328." Said "Objection ..." was signed only by Debtors' attorney. The parties submitted their briefs after entering into their stipulation of fact and this matter was heard on oral argument on October 6, 1989. The parties stipulated that the issues in controversy constitute a core proceeding and a contested matter.

Mr. Dickson has been employed by the city of Bartlesville for approximately twenty-two years. After an initial period of time he became eligible for the benefits of the Bartlesville Oklahoma Employee Retirement System. The system is funded by contribution by the city of Bartlesville of 2% of each employee's wages to the retirement system. The employee makes no other contribution. The contributions are administered by the trustees of the Employee Retirement System of Bartlesville, Oklahoma for the benefit of the employees. At the time of the filing of the bankruptcy petition herein, Mr. Dickson had approximately $9,404.00 in his particular account. The trustees of the Employee Retirement System of Bartlesville, Oklahoma have contracted with Southwestern Life Insurance Company to administer to said plan. The pension plan was created by city ordinance of the city of Bartlesville (Bartlesville Code); said ordinance contained spendthrift provisions disallowing any participant or beneficiary from alienating or encumbering any benefits of the trust and said city ordinance does not allow any interest in the retirement plan to be subject to garnishment, attachment, execution or claims of creditors. The plan is administered by the trustees of the Employee Retirement System in accordance with their contract with

Southwestern Life Insurance Company. The employee has no control over investment of the funds nor does the employee have the right to seek distribution of the funds in the manner of making a loan against his interest in the funds for any reason. As a practical matter the employee is unable to receive said fund until and if the employee retires, even if the employee terminates his employment. In the event the employee terminates his employment, his interest in the plan is used to purchase a paid-up annuity, payable when the employee reaches retirement age; said retirement age is exclusively determined by the trustee and said retirement age shall be the same for all participants and beneficiaries under the trust. The employee may, in the event he withdraws from the plan, surrender all or a portion of said paid-up benefits for its withdrawal value. It is the policy of the trustees of the plan to pay the paid-up benefits to participants of the plan at retirement age, regardless of the date of termination of the employee. It is the practice of said trust that, if the employee dies before reaching normal retirement age, the employee's probate estate does not receive any benefits under the plan until the date when the employee would have reached normal retirement age, after which time the estate of the employee may or might have the right to receive the withdrawal value of the paid-up benefits.

### CONCLUSIONS OF LAW

This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), 11 U.S.C. § 522(b), (*l*).

In this Court's opinion, this is a true retirement system. Debtor cannot control the funds contributed for his benefit to the trust nor can Debtor realize any benefit from said funds so contributed until and if normal retirement age is reached. This is true even if the Debtor terminates his employment before achieving normal retirement age. It remains to determine how this retirement plan fares under the complex and rather arbitrary scheme provided by current Federal and State law for treatment of such plans in bankruptcy cases; see *In re Walker*, 108 B.R. 769, 772–773 (B.C., N.D.Okla.1989).

■ Debtor's interest in this plan is included in his bankruptcy estate, 11 U.S.C. § 541(a)(1), unless it is a beneficial interest in a spendthrift trust enforceable under applicable State law, 11 U.S.C. § 541(c)(2), *In re Walker*, supra, 108 B.R. 773. Under Oklahoma law, the spendthrift provisions of a self-settled trust of which the settlor is also the beneficiary are not enforceable, 60 O.S. § 175.25(G), *In re Walker*, supra, 108 B.R. 773–774. If the retirement plan in question is a "trust" at all, it is a self-settled spendthrift trust, because the trust is established at Debtor's option and its funds are held and distributed for his benefit. Therefore, if it is a "trust" at all, it is a spendthrift trust which is not enforceable under applicable State law; it is not excluded from the bankruptcy estate by 11 U.S.C. § 541(c)(2); and Debtor's interest in this plan is included in his bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1).

■ Debtors did not specify the statutory basis for their claim of exemption, in violation of the express requirements of Official Form No. 6. There is no reason why the Trustee or this Court should be forced to guess what section or subsection of 31 O.S., or what Federal statute(s), Debtors might claim exemption under. Debtors did not even bother to estimate the value of the property claimed exempt, or to report their interest in it in the proper place, namely their Schedule B–2. Debtors who do not do their own duty in administration of their case, 11 U.S.C. § 521(1), can hardly expect to claim the benefits of such administration from the Trustee and this Court, 27 AM JUR.2D (1966) "Equity" §§ 130–150. It seems to this Court that a claim of exemption as vague and incomplete as the present one is an improper and insufficient claim and may be denied and disallowed on that ground alone. But denial of any exemption is a severe penalty, especially where Debtors' attorney rather than Debtors themselves may be at fault; the Trustee has not specifically requested such relief, and the matter has not been briefed; and Debtors' attorney did state

some statutory basis for the claim of exemption in his "Objection to Motion for Disallowance," even though such "Objection" is not signed and verified by Debtors themselves and therefore does not constitute an amendment of Debtors' Schedule B–4, see Bankruptcy Rule 1008. Therefore, the Court passes the matter by—this time. The Court will proceed to address the merits of Debtors' entitlement to this exemption, using Debtors' attorney's "Objection to Motion for Disallowance" as if it were a proper amendment to Schedule B–4.

■ Debtors' attorney proposes that this retirement plan is exempt under 31 O.S. § 1(A)(20). The Trustee responds that this (and presumably any other) Oklahoma statute purporting to exempt tax-qualified retirement plans is preempted by Federal law, namely the Employee Retirement Income Security Act ("ERISA"). However, the Trustee appears to concede that ERISA does not apply to governmental plans such as the one now before this Court, Trustee's brief p. 11, and see 29 U.S.C. § 1002(32), § 1003(b)(1). It appears to this Court that ERISA may preempt State exemptions only as to those forms of retirement plans to which ERISA itself applies, *In re Walker,* supra, 108 B.R. 774–775 citing *In re Ridgway,* 108 B.R. 294 (B.C., N.D.Okla.1989). Accordingly, 31 O.S. § 1(A)(20) and any other Oklahoma exemption statute is not preempted by ERISA insofar as it would exempt retirement plans, such as this one, that are themselves not subject to ERISA.

■ However, this Court has held that 31 O.S. § 1(A)(20) is unconstitutional as applied to creditors whose debts were incurred before enactment of this statute in April 1987, in that such application would violate Art. I, Section 10, Clause 1 of the United States Constitution providing that "no State shall ... pass any ... law impairing the Obligation of Contracts;" see *In re Garrison,* 108 B.R. 760 (B.C., N.D.Okla. 1989). That opinion is adopted and followed herein. In the present case, many of Debtors' secured-deficiency and unsecured debts were incurred before April 1987, although it is impossible to be precise because Debtors' own schedules A–2, A–3 report only the year, not the month or day, when debts were incurred. Accordingly, the application of 31 O.S. § 1(A)(20) to such creditors, or to their representative the Trustee, would be unconstitutional. Debtors may not claim their interest in this pension plan exempt under 31 O.S. § 1(A)(20).

■ Absent 31 O.S. § 1(A)(20), Debtors might have claimed this pension plan exempt under 60 O.S. §§ 326–328. As noted above, the pension plan herein is a self-settled spendthrift trust which would not preserve Debtor's interest from his creditors under 60 O.S. § 175.25(G); yet it is a bona fide retirement plan which effectively preserves Debtor's interest from dissipation by Debtor himself until his retirement. The relationship between 60 O.S. § 175.25 and §§ 326–328 is not clear; but it appears to this Court that a retirement plan or trust which would be unenforceable under 60 O.S. § 175.25(G) *but* which contains restraints on voluntary as well as involuntary alienation as extensive as in the present instance, should be exempt under 60 O.S. §§ 326–328. This Court does not use the term "alienation" in any narrow or technical sense; what is important is that the plan does not allow the debtor access to its funds, by one means or another, until his retirement. The apparent conflict between 60 O.S. § 175.25(G) and §§ 326–328 may be reconciled as follows: where a self-settled spendthrift trust is also a pension plan, its provisions may be ineffective *in their own right* to restrain creditor execution, pursuant to § 175.25(G), yet a plan containing such provisions may nevertheless be shielded from creditor execution by force of separate exemption law, namely §§ 326–328. Compare *In re Goldberg,* 59 B.R. 201, 206 (B.C., N.D.Okla.1986) [Keogh-type retirement plan not exempt under 60 O.S. §§ 326–328 because revocable by debtor]; *In re Walker,* 108 B.R. 769, 775 (B.C., N.D.Okla.1989) [Keogh and IRA-type annuities not exempt under 60 O.S. §§ 326–328 because not distinguishable in operation from that in *Goldberg* ]; and *In re Ree,* 114 B.R. 286, "Order Granting Trustee's Motion for Disallowance of Debtor's Claim of

Exemption" (1990) [IRA not exempt under 60 O.S. §§ 326–328 because restraints on voluntary access to funds not effective enough to prevent debtor's invasion of funds before retirement].

However, 60 O.S. §§ 326–328, like 31 O.S. § 1(A)(20), require as a condition of exemption that a pension plan be "qualified for tax exemption purposes." The Trustee proposes that this plan is not tax-qualified because "there is no provision for payment after the death of the participant" as required by 26 U.S.C. § 547(d)(2)(B)(i)(II) as amended effective January 1, 1989, see Trustee's brief pp. 14–15.

This Court has previously expressed its distaste for "a categorical exemption scheme which inhibits the Court's flexibility, to prevent abuse by debtors on the one hand, to remedy hardship to debtors on the other hand," unpublished opinion *In re Thornton*, 87–00682–W, June 8, 1989; for the current "maze of technicalities … regardless of Debtor's needs on the one hand or creditors' rights on the other hand," *In re Walker*, supra, 108 B.R. 773; and for the entanglement of tax and exemption questions amounting to "a sweeping, heedless delegation" of "Oklahoma exemptions to the United States Congress, its tax laws and its lobbyists, who may well act without reference to the problems of adjustment of debtor-creditor relations in Oklahoma State courts or bankruptcy courts within Oklahoma," *In re Garrison*, supra, 108 B.R. 768. In the present case, if the Trustee is correct, a perfectly proper pension plan, well-guarded against abuse by Debtor and thereby fully deserving protection against Debtor's creditors, would nevertheless be subject to seizure by Debtor's creditors, because of the current status of some sub-sub-sub-sub-sub-section of the notoriously mutable tax laws of our Federal government. Indeed, the only reason the plan fails to qualify for tax exemption is that it goes *too far* in the direction of preserving Debtor's retirement benefits until his retirement age!

If that be the law, this Court is bound to enforce it, whether the Court approves of the result or not. However, 26 U.S.C. § 547 deals with deduction for deficiency dividends in personal holding companies, a subject with no obvious relationship to the matter at hand; and in its present form that statute does have a subsection (d)(2), but not further subsections (B)(i)(II) as cited by the Trustee. It is possible that the Trustee meant to cite 26 U.S.C. § 457(d)(2)(B)(i)(II), which does deal with distribution requirements of deferred compensation plans of state and local governments. But the plan does permit payment of death benefits at some time and under some circumstances, and the Trustee does not say in what particulars these provisions fail to satisfy § 457(d)(2)(B)(i)(II) and its companion provision § 457(d)(2)(B)(ii). The Trustee does not satisfy the Court that the present plan is not tax-qualified and that Debtors should be denied their otherwise-proper exemption herein.

The Court concludes that this pension plan, although initially included in Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1) notwithstanding 11 U.S.C. § 541(c)(2), is thereafter exempt from Debtors' estate pursuant to 11 U.S.C. § 522(b) adopting 60 O.S. §§ 326–328. Accordingly, the Trustee's "Motion for Disallowance" is hereby denied; and Debtors' claim of exemption is hereby allowed.

AND IT IS SO ORDERED.