**In re Winferd HAIRE d/b/a Haire Chiropractic and Wilma Haire, Debtors.**

**Bankruptcy No. 92–8148–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 21, 1993.

Marla J. Rosin, Tampa, FL, for debtors.

Buddy D. Ford, U.S. Trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is an objection by the Chapter 7 Trustee (Trustee) of the claim of exemptions of Wilma Haire (Debtor). The property claimed as exempt is a $100,000 life insurance settlements paid to the Debtor upon the death of her husband, Winferd Haire. The relevant procedural background of this Chapter 7 case is, to say the least, confusing. Notwithstanding, based on the record the following facts relevant may be summarized as follows:

The original Petition for Relief was filed by Winferd Haire and his wife, Wilma Haire, on June 16, 1992. The Petition did not indicate that Winferd Haire was also doing business under the fictitious name of "Haire Chiropractic." In due course, the

Debtors received their discharge, but before the case was closed, Winferd Haire died. Upon her husband's death, the Debtor received $100,000 from a life insurance policy carried on her husband. Thereafter, Wilma Haire filed a Motion to Deconsolidate the two cases on November 12, 1992, and to dismiss the case as related to her deceased husband, which is still pending before this Court.

On December 11, 1992 the Debtor Wilma Haire amended her Schedule B and C, in which she included additional properties and also claimed same as exempt. She also filed a "Supplemental Schedule B—Personal Property" (sic) and a "Supplemental Schedule C—Property Claimed as Exempt" (sic) in which she listed and claimed as exempt the $100,000 insurance proceeds she had received upon her husband's death. The Supplement does not set forth the legal basis for the claim of exemption of the $100,000, but does reflect service of the Supplement to the Trustee on December 11, 1992. Although the Trustee had filed his report of no distribution, in light of the insurance settlement, on February 1, 1993, the Trustee filed his Objection to the claim of exemption of the insurance settlement. In opposition to the Trustee's Objection the Debtor contends that the objection to the claim of exemptions is untimely and, therefore, should be overruled and the claim of exemption concerning the insurance proceeds should be allowed.

The Trustee contends that he did not receive the Supplemental Schedules, and thus, did not file his objection to the claim of exemption in a timely manner. In addition, the Trustee contends that the Debtor has no legal basis for claiming the $100,000 as exempt property.

■ There is no question that the $100,-000 received by the Debtor became property of the estate by virtue of § 541(a)(5)(C) of the Bankruptcy Code. This leaves for consideration whether or not (1) the trustee's objection is untimely and, therefore, should be overruled, and (2) the Debtor is entitled to claim the $100,000 as exempt.

■ The timeliness of the Trustee's objection is obviously a threshold question which must be resolved before the merits of the Trustee's objection can be considered. F.R.B.P. 4003 governs the timeliness of objections to exemptions, and provides as follows:

> The trustee or any creditor may filed objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court.

Upon review of the record, it is clear that the Debtor's Supplement was filed on December 11, 1992, and served upon the Trustee the same day. The Trustee's Objection was filed on February 1, 1993. Inasmuch as the Objection was filed after the expiration of the thirty days provided in Rule 4003, this Court is satisfied that the Trustee's objection is untimely.

That being the case, the Trustee is barred from contesting the validity of the exemption regardless of whether the Debtor is legally entitled to claim the property as exempt. *Taylor v. Freeland & Kronz*, —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In *Taylor* the Supreme Court concluded that a literal reading of § 522(*l*) required the allowance of a claim of exemption even if the claim is unsupported by the controlling law. This Section provides that unless a party in interest objects to the list of property which the debtor claims as exempt, the property claimed as exempt is exempt. Therefore, this Court is satisfied that regardless of whether the Debtor properly claimed the insurance proceeds as exempt, because the Trustee failed to file a timely objection to the claim of exemption, the property is exempt property and not subject to administration by the Trustee for creditors of the estate.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Claim of Exemption is hereby overruled, and the claim of exemption of the Debtor

228

of the $100,000 insurance proceeds is hereby allowed as exempt.

DONE AND ORDERED.