**In re Prestent L. DOYLE and Elaine M. Doyle (deceased), Debtors.**

**Bankruptcy No. 97 B 05554.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 17, 1997.

Roy Safanda, St. Charles, IL, Chapter 7 Trustee.

Daniel J. Winter, Feld & Korrub, Westmont, IL, for Prestent L. Doyle.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the objections of Roy Safanda, the Chapter 7 Trustee (the "Trustee") for the estate of Prestent L. Doyle and Elaine M. Doyle (collectively the "Debtors") to the Debtors' claims of exemptions and the response in opposition thereto. For the reasons set forth herein, the Court hereby sustains various objections by the Trustee for the Debtors' failure to adequately describe some of the individual items of personal property and the retirement plans claimed exempt so as to allow the Trustee to properly evaluate those claims. Leave is hereby granted Prestent Doyle to amend his Amended Schedules B and C within 30 days hereof pursuant to Federal Rule of Bankruptcy Procedure 1009(a) and to provide the Trustee with the proper documentation. Failure to do so will result in the loss of such non-exempt property to the Trustee. The Court sustains the Trustee's objection to the claim of exemption under 735 ILCS 5/12–1001(b) as the total value of the personal property claimed exempt thereunder exceeds the statutory maximum of $2,000. Prestent Doyle shall turnover forthwith $1,900 worth of these items or the sum of $1,900 cash to the Trustee. In addition, the Court overrules the Trustee's objection to the personal property claimed exempt under 735 ILCS 5/12–1003 because he has failed to meet his burden of proof that Elaine Doyle was not a "head of the family" unit. The Trustee's objection to the claim of exemption by Prestent Doyle in the insurance proceeds on the life of Elaine Doyle, who died post-petition, is overruled pursuant to 735 ILCS 5/12–1001(f). Finally, the Court holds that the decedent Debtor, Elaine Doyle, is entitled to claims of exemption as well as a discharge.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Local General Rule 2.33(A) of the United States District Court for the Northern Dis-

trict of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## II. *FACTS AND BACKGROUND*

The Debtors filed a Chapter 7 petition on February 24, 1997. On March 21, 1997, after a lengthy illness, Elaine Doyle died. Subsequently, Prestent Doyle filed an Amended Schedule B (Personal Property) and an Amended Schedule C (Property Claimed as Exempt) on April 3, 1997. The 11 U.S.C. § 341 meeting of creditors, over which the Trustee presided, was initially held on April 7, 1997 and continued to May 5, 1997. On May 5, 1997, within the time limit prescribed by Federal Rule of Bankruptcy Procedure 4003(b), the Trustee filed objections to certain exemptions claimed by the Debtors. Thereafter, on May 15, 1997, Prestent Doyle filed a response to the Trustee's objections. The Trustee filed a reply thereto on May 30, 1997. On that date, the parties appeared before the Court. The Court gave the parties leave to file any additional papers by July 11, 1997, including the opportunity to request an evidentiary hearing. On June 6, 1997, the parties filed a stipulation which stated that neither side desired to present any evidence in support of their respective positions and requested the Court to rule based on the filed pleadings.

The Trustee objects to the Debtors' claims of exemption on the following bases: (1) various items of personal property claimed exempt are not described with adequate particularity, the amount claimed exempt exceeds the available statutory maximum, and no head of the family has died; (2) the identity of the retirement plans was not disclosed and the amount listed as "unknown" is insufficient; (3) the insurance proceeds are insufficiently described by policy issuer or number, and the surviving Debtor may not properly claim exempt the insurance proceeds payable to him as a result of the post-petition death of the co-Debtor under 735 ILCS 5/12–1001(f), as the proceeds are part of the bankruptcy estate under 11 U.S.C. § 541(a)(5)(C); and (4) the decedent Debtor, Elaine Doyle, should not receive a discharge nor should she be entitled to any claims of exemption by

reason of her demise. The Court will address each of the objections in turn.

## III. *APPLICABLE STANDARDS FOR CONTESTED CLAIMS OF EXEMPTION UNDER BANKRUPTCY AND ILLINOIS LAW*

Under the Bankruptcy Code, either the applicable state or the federal exemptions may be selected pursuant to 11 U.S.C. § 522 unless a state chooses to "opt out" of the federal exemption scheme. *See* 11 U.S.C. § 522(b)(1). The Illinois General Assembly "opted out" by enacting Ill.Rev.Stat. ch. 110, ¶ 12–1201, now recodified and cited as 735 ILCS 5/12–1201. Illinois exemption statutes are to be liberally interpreted in favor of the debtor. *In re Barker,* 768 F.2d 191, 196 (7th Cir.1985). The purpose of the exemption provision is to protect a debtor's fresh start in bankruptcy. *In re Wright,* 156 B.R. 549, 554 (Bankr.N.D.Ill.1992).

Federal Rule of Bankruptcy Procedure 4003 governs hearings on disputed claims of exemption and objections thereto. Section 522(*l*) of the Bankruptcy Code and Bankruptcy Rule 4003(a) require debtors to "list" the property claimed as exempt on the schedule of assets required to be filed. "Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l*). *See also Taylor v. Freeland & Kronz,* 503 U.S. 638, 642, 112 S.Ct. 1644, 1647, 118 L.Ed.2d 280 (1992). Bankruptcy Rule 4003(b) establishes the time limits within which a trustee or any creditor may file objections to the list of property claimed exempt. Bankruptcy Rule 4003(c) expressly places the burden of proof on the objecting party to prove the exemptions are not properly claimed. *See also In re Ritter,* 190 B.R. 323, 325 (Bankr.N.D.Ill.1995). In the matter at bar, the Trustee, as the objecting party, has the burden of proving that the exemptions are not properly claimed. The standard of required proof is presumably a preponderance of the evidence. *See* 1 T. Salerno and J. Udall, *Bankruptcy Litigation and Practice: A Practitioner's Guide* § 8.65(11) (2d ed. 1995).

## IV. *DISCUSSION*

### A. *Whether the Court should sustain the objections to the claims of exemption in the personal property*

First, the Trustee challenges some of the personal property claims of exemption on the basis that the items are not described with the particularity required by 11 U.S.C. § 522 and Federal Rules of Bankruptcy Procedure 4003 and 1007. The Amended Schedule B lists, in relevant part, the following personal property and its current market value:

| DESCRIPTION OF PROPERTY | CURRENT MARKET VALUE |
| --- | --- |
| Cash | $ 200.00 |
| Amcorp Bank | $ 300.00 |
| Household Furnishings—4 rooms | $ 1,200.00 |
| Jewelry Wedding Ring | $ 200.00 |
| Whole Life Insurance Policy | $ 27.00 |
| Whole Life Insurance Policy | $ 49.00 |
| Retirement; unable to acquire until debtor quits or retires (Husband & Wife) (401K (H)) | Unknown |
| Anticipated Tax Refund | $ 2,000.00 |
| Proceeds from insurance policy | $25,000.00 |

The Amended Schedule C lists, in relevant part, the following property claimed as exempt under the pertinent statute:

| PROPERTY CLAIMED EXEMPT | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION |
| --- | --- | --- |
| Personal Property ... Jewelry Wedding Ring | 735 ILCS 5/12–1001(b) | $ 200.00 |
| Cash | 735 ILCS 5/12–1003 | $ 200.00 |
| Amcorp Bank | | $ 300.00 |
| Household Furnishings—4 rooms | | $1,200.00 |
| Anticipated Tax Refund | | $2,000.00 |
| Retirement: unable to acquire until debtor quits or retires. (Husband & Wife) (401K(H)) | 735 ILCS 5/12–1006<br>735 ILCS 5/12–1003 | 100% |
| Proceeds from insurance policy | 735 ILCS 5/12–1001(f) | 100% |
| Whole Life Insurance Policy | | 100% |
| Whole Life Insurance Policy | | 100% |

A debtor claims exemptions by designating property as exempt on Schedule C of the Schedule of Assets and Liabilities. Such exempt property must be listed separately with sufficient detail to put the trustee and interested parties on notice of questionable claims. *See Payne v. Wood,* 775 F.2d 202, 206 (7th Cir.1985), *cert. denied,* 475 U.S. 1085, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986); *see also In re Wenande,* 107 B.R. 770, 772 (Bankr.D.Wyo.1989) (debtors' generic categorization of "stocks" "mineral interest," "accounts," "intangibles," and "personal property" did not provide adequate notice of the property claimed exempt); *In re Wright,* 99 B.R. 339, 341–42 (Bankr.N.D.Tex.1989) (it is incumbent on a debtor to specifically identify and value each item claimed as exempt with particularity). The court in *Payne* aptly noted regarding the specificity of claims of exempt property:

> It would be silly to require a debtor to itemize every dish and fork, even to list the electric knife separately from the crock pot. The necessary degree of specificity varies with the value of separate listings.... The requirement that the debtor list the property serves at least two func-

tions.... The other is to allow the trustee to decide which claims to challenge. Debtors are not perfectly trustworthy, and unless the claim of exemption contains sufficient detail to put the trustee on notice of questionable assertions, it will not be possible to administer the statutory scheme.... The trustee ... may ask the bankruptcy court to require the debtor to do more.... When the debtor's listing withholds information that the trustee may find helpful, ... a categorical claim of exemption should not be honored beyond the value the debtor attached to the category. After all, property passes to the estate automatically, and *it is the debtor's burden to make out the claims of exemption with adequate specificity.*

*Id.* at 205–06 (citation omitted) (emphasis supplied). The result of filing inadequate schedules of exempt property is a limitation on the value debtors may receive for assets in those categories.

The Schedules filed in this case are illustrative of the problems resulting from hasty and incomplete draftsmanship—inadequately detailed information which effectively precludes the Trustee, the creditors, and the Court from learning what the Debtors' assets really are, especially what is being properly claimed exempt.

■■■ The Court hereby sustains the Trustee's objection on the basis that some of the personal property items claimed exempt are not listed with the requisite degree of specificity. For example, the listing of "Household Furnishings—4 rooms" in the sum of $1,200 inadequately describes the contents of those four rooms. *Accord Wright,* 99 B.R. at 341–42 (debtor's claimed exemption in "home furnishings" was inadequate because it lacked specificity). That description could include valuable antiques as well as garage sale quality items of minimal or low value. In addition, the listing of the "Amcorp Bank" account in the amount of $300.00 does not specify the type of account nor does it provide an account number. Further, the "Whole Life Insurance Policy" item listed at $27.00 and the second "Whole Life Insurance Policy" item listed at $49.00 are inadequately detailed—no reference to a policy issuer or number has been provided. Also, the "Retirement; unable to acquire until debtor quits or retires (Husband & Wife) (401 K(H))" item listed at a current value of "unknown" is not described with sufficient specificity. *Accord In re Ogden,* 114 B.R. 730, 731 (Bankr.D.Colo.1989) (exemption claimed by debtors for generally described property that listed values as "unknown" constituted non-specific claims of exemption that had no legal effect); *Andermahr v. Barrus (In re Andermahr),* 30 B.R. 532, 533 (9th Cir.BAP1983) (same); *In re Dickson,* 114 B.R. 740, 742 (Bankr.N.D.Okla.1990) (debtors' claim of exemption without specification of statute citation serving as the basis for the exemption and failure to estimate value of property or properly list the property on Schedule B found to be improper and insufficient). A debtor must list a numerical value for each claimed exemption. *See In re Bell,* 179 B.R. 129, 131 (Bankr.E.D.Wis.1995); *In re Young,* 166 B.R. 854, 861 (Bankr.E.D.Tex. 1994). Finally, the Trustee objects to the claim of exemption in "Proceeds from insurance policy" valued at $25,000 on the basis that there is no reference to a policy issuer or number. Based on the papers filed, there was a policy issued by Commonwealth Life Insurance on the life of Elaine Doyle, naming Prestent Doyle as the beneficiary. The Court sustains this objection because the listing does not adequately reference the policy provider or its number or the type of insurance (life, casualty, property or other kind).

In sum, the Court hereby sustains the Trustee's objection on the basis that these individual items claimed exempt are not described with the particularity required by the Bankruptcy Code and Rules. The Court affords Prestent Doyle 30 days to amend his Schedules and adequately detail same and furnish a copy to the Trustee or those exemptions will be disallowed. The Trustee shall have 30 days thereafter to object. *See* Fed. R. Bankr.P. 1009(a) (expressly allows debtors to amend schedules as a matter of course at any time before the case is closed); *In re Yonikus,* 996 F.2d 866, 872 (7th Cir. 1993) (amendments to schedules allowed

freely); *Bell,* 179 B.R. at 131–32 (debtor given leave to amend schedules to specifically identify and value each item claimed exempt); *Wright,* 99 B.R. at 342 (same).

■ Next, the Trustee maintains that pursuant to 735 ILCS 5/12–1001(c)[1] the total value of exemptions claimed exceeds the sum of $2,000. Section 12–1001(b), the Illinois "wildcard" exemption, exempts a debtor's equity interest in personal property not to exceed $2,000 from judgment, attachment, or distress for rent. *See* 735 ILCS 5/12–1001(b); *see also General Motors Acceptance Corp. v. Bates (In re Bates),* 161 B.R. 965, 968 (N.D.Ill.1993). The Amended Schedule C indicates the following personal property exempt pursuant to § 12–1001(b):

| DESCRIPTION OF PROPERTY | CURRENT MARKET VALUE |
| --- | --- |
| Jewelry Wedding Ring | $ 200.00 |
| Cash | $ 200.00 |
| Amcorp Bank | $ 300.00 |
| Household Furnishings—4 rooms | $1,200.00 |
| Anticipated Tax Refund | $2,000.00 |
| **TOTAL** | $3,900.00 |

The Trustee correctly notes that the total value of the personal property claimed exempt exceeds the statutory maximum of $2,000. Thus, the Court hereby sustains the Trustee's objection on this basis. Prestent Doyle shall turnover forthwith $1,900 worth of these items or the sum of $1,900 cash to the Trustee.

■ Finally, the Trustee contends that Prestent Doyle is unable to assert an exemption under 735 ILCS 5/12–1003 because no "head of a family" has died. The Trustee disputes the contention that Elaine Doyle was the "head of a family." Section 12–1003 provides in pertinent part:

> When the *head of a family* dies, ... the *family* shall be entitled to and receive all the benefit and privileges which are by Part 10 of Article XII of this Act conferred upon the *head of a family* residing with the same.

735 ILCS 5/12–1003 (emphasis supplied). Within the meaning of the statute, one person cannot constitute a family, but a husband and wife may constitute a family. *See Berry v. Hanks,* 28 Ill.App. 51, 55 (1888). A man who has a wife is presumed to be the head of a family within the meaning of the exemption statute, but that presumption may be overcome. *See First Nat. Bank & Trust Co. of Rockford v. Sandifer,* 121 Ill.App.2d 479, 483–84, 258 N.E.2d 35, 38 (2nd Dist.1970). An exemption is personal in nature and can only be asserted by or on behalf of a debtor. *Christison v. Catton (In re Catton),* 86 B.R. 561, 563 (Bankr.C.D.Ill.1988) (citation omitted). Section 12–1001 limits the exemption to a debtor and contains no language which permits a surviving spouse to claim an additional exemption on behalf of a deceased spouse, absent any showing that the deceased spouse was the "head of a family." *Id.*

The Court finds that the Trustee has failed to meet his burden of proof with respect to defeating the exemption claimed under § 12–1003. The Trustee's mere allegations in his objections that Prestent Doyle testified at the creditors' meeting that he did not rely on Elaine Doyle for financial support does not rise to the level of evidence. Similarly, the allegations in the response of Prestent Doyle that Elaine Doyle was a "head of a family" whose social security and retirement benefits contributed to the family income of the Debt-

1. The Trustee mistakenly references § 12–1001(c) which exempts a debtor's interest in any one motor vehicle not to exceed $1,200 in value.

ors do not constitute evidence, nor a proper proffer. Neither party has offered any evidence to the Court. Under Bankruptcy Rule 4003(c), however, the Trustee has the burden of proof. His failure to offer any evidence in support of this objection is fatal. Consequently, the Trustee's objection to the claim of exemption under 735 ILCS 5/12–1003 is overruled.

### B. Whether the Court should sustain the objection to the claim of exemption in the retirement plans

■ The Trustee objects to the claim of exemption in the retirement plans on the basis that it fails to provide him with sufficient detail as to the nature of the claim asserted. On the Amended Schedule C, Prestent Doyle asserts a claim of exemption in the retirement plans under 735 ILCS 5/12–1003 and 735 ILCS 5/12–1006.[2] The Amended Schedule B lists the current market value of the retirement plans as "unknown." In his response to the Trustee's objections, Prestent Doyle contends that his retirement plan was an ERISA-qualified plan fully funded by his employer. Further, he states that as of the date of filing, he was not eligible to receive benefits, but when he does become eligible, his benefits would be limited to a monthly stipend based on the number of years of employment. Further, he alleges that Elaine Doyle's retirement plan was also an ERISA-qualified plan fully funded by her employer.

Section 541(a)(1) of the Bankruptcy Code broadly defines what interests comprise property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 541(c)(2), however, excludes from the estate certain interests. Section 541(c)(2) provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under [the Bankruptcy Code]." 11 U.S.C. § 541(c)(2). The United States Supreme Court has determined that an "ERISA-qualified trust" is excluded from property of the estate under § 541(c)(2). *Patterson v. Shumate*, 504 U.S. 753, 765, 112 S.Ct. 2242, 2250, 119 L.Ed.2d 519 (1992).

If the retirement plans at bar and the trusts created within those plans were ERISA-qualified they would be excluded from the estate and the Trustee's objections effectively mooted. *See, e.g., In re Baker,* 195 B.R. 386, 390–91 (Bankr.N.D.Ill.1996), *aff'd,* No. 96 C 3404, slip op. (N.D.Ill. Oct. 2, 1996), *aff'd,* 114 F.3d 636 (7th Cir. 1997). Based upon a complete lack of any evidence to make that determination, coupled with the Debtors' failure to adequately detail the pur-

---

2. Section 12–1006 provides:
 (a) A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) is a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.
 (b) "Retirement plan" includes the following:
 (1) a stock bonus, pension, profit sharing, annuity, or similar plan or arrangement, including a retirement plan for self-employed individuals or a simplified employee pension plan;
 (2) a government or church retirement plan or contract;
 (3) an individual retirement annuity or individual retirement account; and
 (4) a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.
 (c) A retirement plan is (i) intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended, is conclusively presumed to be a spendthrift trust under the law of Illinois.
 (d) This Section applies to interests in retirement plans held by debtors subject to bankruptcy, judicial, administrative or other proceedings pending on or filed after August 30, 1989.
 735 ILCS 5/12–1006 (footnotes omitted).

ported claim of exemption, the Court hereby sustains the Trustee's objection to the claim of exemption in the retirement plans. Neither the Court nor the Trustee can properly evaluate the propriety of that claim. The Court affords the Debtor, Prestent Doyle, 30 days to amend the Schedules and provide the Trustee the proper documentation for these retirement accounts so that the Trustee can properly and adequately determine whether the retirement plans are ERISA-qualified. The Trustee shall have 30 days to object. In the event that Prestent Doyle fails to amend the Schedules and provide the Trustee with the proper documentation, the claim of exemption in the retirement plans shall be disallowed.

## C. *Whether the Court should sustain the objection to the claim of exemption in the insurance proceeds*

■■■ The Trustee argues that the claim of exemption pursuant to 735 ILCS 5/12–1001(f)[3] in the life insurance proceeds, which are payable to Prestent Doyle, is not proper. Specifically, the Trustee posits that the proceeds of life insurance due a surviving debtor by virtue of the death of a co-debtor are proceeds of the bankruptcy estate of the surviving debtor under 11 U.S.C. § 541(a)(5)(C) and are not properly claimed exempt. In response to the Trustee's objection, Prestent Doyle cites *In re Bateman*, 157 B.R. 635 (Bankr.N.D.Ill.1993) and *In re Simon*, 170 B.R. 999 (Bankr.S.D.Ill.1994). Clearly, the *Bateman* and *Simon* cases are factually distinct, as noted by the Trustee,

because the deaths of the insureds there occurred pre-petition, not post-petition as in the matter at bar.

■■ Section 541(a)(1) of the Bankruptcy Code provides that the property of a bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Even property that is entitled to be exempted is initially regarded as estate property until it is claimed and distributed as exempt. *See Redfield v. Ansbro (In re Goldberg)*, 98 B.R. 353, 358 (Bankr.N.D.Ill. 1989) (citing *Cyrak v. Poynor (In re Cyrak)*, 80 B.R. 75 (N.D.Tex.1987) and *In re Hendricks*, 11 B.R. 48, 50 (Bankr.W.D.Mo.1981)). In addition, certain interests in property that a debtor either acquires or becomes entitled to acquire within 180 days of the petition date are included in the property of the estate. *See* 11 U.S.C. § 541(a)(5). Included within these after-acquired property provisions is an interest in property acquired as a beneficiary of a life insurance policy. 11 U.S.C. § 541(a)(5)(C).[4] *See In re Haire*, 158 B.R. 226, 227 (Bankr.M.D.Fla.1993) (life insurance proceeds received within 180 days post-petition upon death of co-debtor spouse were property of the estate under § 541(a)(5)(C)); *In re Pettigrew*, 115 B.R. 214, 215 (Bankr.E.D.Mo.1990) (same); *In re McAlister*, 56 B.R. 164, 166 (Bankr.D.Or. 1985) (same); *see also Dollinger v. Bottom (In re Bottom)*, 176 B.R. 950, 952 (Bankr. N.D.Fla.1994) (proceeds of a life insurance policy that the debtor became entitled to acquire as the beneficiary of father's life

---

3. Section 12–1001(f) provides:

The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:

(f) All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not and whether the insured or the insured's estate is a contingent beneficiary or not.

735 ILCS 5/12–1001(f).

4. Section 541(a)(5)(C) provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(C) as a beneficiary of a life insurance policy or of a death benefit plan.

11 U.S.C. § 541(a)(5)(C).

insurance policy within 180 days of the filing constitute property of the estate under § 541(a)(5)(C)); *Geekie v. Watson (In re Watson)*, 65 B.R. 9, 12 (Bankr.C.D.Ill.1986) (same).

 Under § 12–1001(f), the recipient of the life insurance proceeds must be a wife or husband of the insured, or a child, parent or other person dependent upon the insured. There is no dispute that Prestent Doyle was the husband of the deceased insured, Elaine Doyle. Elaine Doyle died post-petition, less than 30 days after the filing. The key date is the date of death of the person from whom the debtor will inherit the property, not the distribution date of the probate estate. *See In re Chenoweth*, 3 F.3d 1111, 1112 (7th Cir.1993). Thus, the right to payment of the subject life insurance proceeds accrued during the 180 day period of § 541(a)(5)(C). Under that section, those insurance proceeds became property of the estate. That the insurance proceeds are property of the estate under § 541(a)(5)(C), however, does not mean that they are not properly claimed exempt under § 12–1001(f). In both the original and amended Schedules C, the Debtors claimed the life insurance exempt under § 12–1001(f). That Elaine Doyle subsequently died post-petition and Prestent Doyle was thereafter entitled to the proceeds of the insurance policy does not mean the proceeds are no longer exempt. Section 541(a)(5)(C) brings into the estate life insurance proceeds acquired within 180 days post-petition, but § 12–1001(f) exempts these payments. *Cf. Cyrak*, 80 B.R. at 80 (life insurance exemption under Section 522(d)(11)(C) of the Bankruptcy Code). Specific state exemption provisions will trump property of the estate provisions. *In re Monahan*, 171 B.R. 710, 719–20 n. 14 (Bankr.D.N.H.1994) (citing *Holden v. Stratton*, 198 U.S. 202, 211–13, 25 S.Ct. 656, 658–59, 49 L.Ed. 1018 (1905)). Accordingly, the Trustee's objection to the claim of exemption in the insurance proceeds is overruled.

## D. Whether decedent Debtor, Elaine Doyle, is entitled to a discharge and claims of exemption

 Lastly, the Trustee contends that as a result of her death, Debtor Elaine Doyle is not entitled to a discharge under 11 U.S.C. § 727 or any claims of exemption. Pursuant to Federal Rule of Bankruptcy Procedure 1016, "[d]eath ... of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death ... had not occurred." The legislative history of § 541 states:

> Once the estate is created, no interests in property of the estate remain in the debtor. Consequently, if the debtor dies during the case, only property exempted from property of the estate or acquired by the debtor after the commencement of the case and not included as property of the estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue in rem with respect to property of the state [sic], and the discharge will apply in personam to relieve the debtor, and thus his probate representative, of liability for dischargeable debts.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 367–68 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 82–83 (1978), U.S. Code Cong. & Admin. News p. 5787. If a debtor dies while a bankruptcy petition is pending, the bankruptcy court shall continue to administer the estate. The debtor's property will continue to be property of the estate *see, e.g., Goldberg*, 98 B.R. at 358 (debtor's post-petition death did not deprive the estate of pension fund proceeds which were property of the estate at the time the debtor filed the Chapter 7 petition), exempt property will go to the debtor's probate representative for distribution *see, e.g., In re Friedman*, 38 B.R. 275, 276–77 (Bankr.E.D.Pa.1984) (a surviving spouse may claim exemptions on behalf of the decease spouse in a joint Chapter 7 case); *Armstrong v. Peterson (In re Peterson)*, 897 F.2d 935, 937–38 (8th Cir.1990) (the post-

petition death of a debtor did not constitute abandonment of the debtor's homestead exemption or cause the exemption to lapse and revert back to the estate), and a discharge will be granted and will be enforceable by the probate estate if the debtor was eligible for one. *See* 1 R. Ginsberg and R. Martin, *Ginsberg & Martin on Bankruptcy* § 5.03[B] at 5–26 (4th ed.1995).

Accordingly, the statutory language, legislative history, and case law mandate the conclusion that a debtor who dies post-petition is entitled to claims of exemption as well as a discharge. Consequently, the Trustee's argument that Elaine Doyle is not entitled to a discharge or any claims of exemption is hereby overruled.

## V. *CONCLUSION*

For the foregoing reasons, the Court hereby sustains various objections of the Trustee for the Debtors' failure to adequately describe some of the individual items of personal property and the retirement plans claimed exempt so as to allow the Trustee to properly evaluate those claims. Leave is hereby granted Prestent Doyle to amend his Amended Schedules B and C within 30 days hereof pursuant to Federal Rule of Bankruptcy Procedure 1009(a) and to provide the Trustee with the proper documentation. Failure to do so will result in the loss of such non-exempt property to the Trustee. The Court sustains the Trustee's objection to the claim of exemption under 735 ILCS 5/12–1001(b) as the total value of the personal property claimed exempt thereunder exceeds the statutory maximum of $2,000. Prestent Doyle shall turnover forthwith $1,900 worth of these items or the sum of $1,900 cash to the Trustee. In addition, the Court overrules the Trustee's objection to the personal property claimed exempt under 735 ILCS 5/12–1003 because he has failed to meet his burden of proof that Elaine Doyle was not a "head of the family" unit. The Trustee's objection to the claim of exemption by Prestent Doyle in the insurance proceeds on the life of Elaine Doyle is overruled pursuant to 735 ILCS 5/12–1001(f). Finally, the Court holds that Elaine Doyle is entitled to claims of exemption as well as a discharge.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.