**In re Earl MORRIS, Debtor.**

**ESTATE OF Ruby C. MORRIS; Donna Kay Wells; Randall Lynn Morris; and Cynthia Ann Morris, Plaintiffs,**

**v.**

**Earl MORRIS, Defendant.**

**Bankruptcy No. B–91–6643–PHX–GBN.
Adv. No. 92–724–GBN.**

United States Bankruptcy Court,
D. Arizona.

May 27, 1993.

Ted A. Smith, Phoenix, AZ, for plaintiffs.

Allan D. NewDelman, Phoenix, AZ, for defendant/debtor.

## MEMORANDUM OF DECISION

GEORGE B. NIELSEN, Jr., Bankruptcy Judge.

### I

On October 23, 1985, New York Life Insurance Company issued a policy insuring the life of Ruby Morris for $100,000.

The beneficiary designation listed Earl Morris, husband of the insured, as primary beneficiary. Children born of the marriage of Earl Morris and the insured were secondary beneficiaries.

On June 3, 1989, Ruby Morris was murdered. On March 6, 1990, Earl Morris was indicted for her murder. On June 7, 1991, Earl Morris filed a Chapter 11 bankruptcy petition. On March 3, 1992, after a jury trial, Earl Morris was convicted of the first degree murder of Ruby Morris. On April 22, 1992, Morris was sentenced to life imprisonment without possibility of release for 25 calendar years. He has appealed the judgment.

On June 23, 1992, New York Life Insurance Company filed its interpleader complaint in the United States District Court for the District of Arizona (CIV–92–1202–PHX–EHC). New York Life admitted $100,000 in insurance proceeds were payable under the policy, but conflicting claims to the proceeds had been received.

On July 17, 1992, the District Court issued its order accepting the $100,000 check. On August 19, 1992, the District Court issued a stay in the interpleader pending resolution of the bankruptcy.

The secondary beneficiaries filed Adversary 92–724 in Bankruptcy Court, alleging debts owed plaintiffs were nondischargeable under §§ 523(a)(3)(B) and 523(a)(6) of Title 11, U.S.Code.

Plaintiffs also filed a motion to lift the stay to allow the District Court action to proceed (Contested Matter "F"). Debtor resisted stay relief, arguing the proceeds were estate property and should be placed in an interest bearing account pending disposition of debtor's appeal. Portions of the dispute are now before this Court through plaintiffs' motion for summary judgment.

### II

Under § 541(a), when a debtor files bankruptcy, all of debtor's property becomes property of a bankruptcy estate. *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 1647, 118 L.Ed.2d 280 (1992). The scope of this section is broad and includes all tangible or intangible property. *Sirek v. Dalton (In re Dalton),* 146 B.R. 460, 462 (Bankr.D.Ariz.1992); *In re McClain Airlines, Inc.,* 80 B.R. 175, 177 (Bankr.D.Ariz.1987). *See also Neuton v. Danning (In re Neuton),* 922 F.2d 1379, 1382 (9th Cir.1990) (holding contingent interests are property of the estate).

In determining whether property is property of the estate, the inquiry should begin with whether state law invests debtor with legal or equitable interests as of the commencement of the case. *O'Malley Lumber Co. v. Lockard (Matter of Lock-*

ard), 884 F.2d 1171, 1177 n. 11 (9th Cir. 1989); *In re McClain Airlines, Inc., supra,* at 177. Section 541 merely defines what interests of the debtor transfer to the estate. It does not address the threshold questions of the existence and scope of the debtor's interest. *California v. Farmers Markets, Inc. (In re Farmers Markets, Inc.),* 792 F.2d 1400, 1402 (9th Cir.1986). To resolve this question, state-created rights are examined and translated into the bankruptcy process. *King v. Franchise Tax Board (In re King),* 961 F.2d 1423, 1426 (9th Cir.1992).

 In the present case, it is clear whatever interest debtor held in the policy became an estate asset when he filed bankruptcy. At filing, the policy had matured since the insured had died and debtor was primary beneficiary.[1] The fact an insurance policy is property of the estate is further supported by § 522(d)(11)(C). That section allows exemption of a life insurance contract that insures an individual of whom debtor was a dependent, if necessary for debtor's support. *See also McCulloch v. Williams (In re McCulloch & Sons, Inc.),* 30 B.R. 7, 8 (Bankr.D.Ore.1983) (§§ 522(d)(7) and 541(a)(1) remove any doubt that life insurance is property of the estate).

### III

 Although the estate holds an interest in the proceeds, the Court must examine the extent of this right under Arizona law. Congress generally leaves the determination of property rights to applicable nonbankruptcy law. *In re McClain Airlines, Inc., supra,* at 177.

Under A.R.S. § 14–2803(C), a named beneficiary of life insurance, who kills the person whose life is insured, is not entitled to any benefit under the policy. Benefits become payable as though the killer predeceased the decedent. Furthermore, under

A.R.S. § 14–2803(E), a final judgment of conviction is conclusive for this section.

In the present case, debtor was found guilty of violating the state first degree murder statute, A.R.S. § 13–1105. A final judgment of conviction was entered and debtor was sentenced. Under state law, debtor is divested of his interest in the proceeds and the secondary beneficiaries would take.

In short, debtor is correct in stating the estate has an interest in the proceeds. However, filing bankruptcy does not alter the effect of debtor's murder conviction. Ordinarily, a debtor acquires no additional rights by virtue of filing over that provided by applicable nonbankruptcy law. *In re McClain Airlines, Inc., supra,* at 179. The estate essentially mirrors what debtor had prepetition. What debtor held prepetition was a contingent interest in the policy.

### IV

Notwithstanding this, debtor argues the proceeds are an estate asset, as the policy existed on the date of filing. Debtor argues the subsequent conviction should not change the character of this property interest.

This mischaracterizes the rights the estate held when debtor filed. Although the policy matured prepetition, when debtor filed bankruptcy his interest was contingent since it was subject to complete defeasance under state law. Arizona mandates a murderer cannot reap ill-gotten gains. The estate's interest was similarly contingent on what the jury would do. Upon conviction, the defeasance was complete and the estate's property interest, which was contingent, was lost. Plaintiffs' motion for summary judgment is granted.

The estate has no vested interest in the proceeds. A contingent interest failed to ripen. The property interest, if any, that the estate has should be abandoned to the

---

1. Even if the interest had not ripened on the petition date, the beneficial interest would be an estate interest if debtor became entitled, within 180 days of the filing, to an interest in a life insurance policy. § 541(a)(5). As of the petition date, this potential beneficial interest hold-

er would have a nonvested right in the unmatured policy that was a "revocable expectancy contingent upon being the beneficiary at the time of the insured's death." *In re Woodson,* 839 F.2d 610, 619 n. 15 (9th Cir.1988).

probate estate of Ruby Morris for proper disposition. Plaintiffs' request to lift the automatic stay is granted. It is debtor's burden to seek a stay pending appeal. Rule 8005, Fed.Bankr.R.

Plaintiffs will lodge and serve a proposed order consistent with this opinion. This memorandum does not resolve the nondischargeability question.