In re Duane A. ROYAL, Tracey
A. Royal, Debtors.

Bankruptcy No. 93–1–0874–SD.

United States Bankruptcy Court,
D. Maryland,
at Rockville.

March 28, 1994.

James M. Greenan, Thomas B. Guild,
Landover, MD, for Duane A. and Tracy A.
Royal.

Bud Stephen Tayman, Laurel, MD, for
trustee.

Clifford J. White, Rockville, MD.

### MEMORANDUM OF DECISION

DUNCAN W. KEIR, Bankruptcy Judge.

Before the Court is the Trustee's Objection to the Claim of Exemption by Debtor, Tracey Royal, to an inheritance of $47,500.00. The Debtor claimed the inheritance was exempt pursuant to section 11–504(b)(2) of the Courts and Judicial Proceedings Article, Md. Code Ann., and 11 U.S.C. § 522(b)(2)(A). For the reasons stated below, the Court will enter an order sustaining the Trustee's Objection and disallowing the exemption.

### FACTUAL HISTORY

The Debtors, Dwayne and Tracey Royal, filed a voluntary Chapter 7 petition on February 18, 1993. On June 9, 1993, the Debtors amended Schedule B to add an inheritance received by Tracy Royal within 180 days of filing their petition. In addition, they amended Schedule C and claimed the inheritance as exempt property.[1] On July 9, 1993, the Trustee filed an objection to the claim of exempt property. On December 6, 1993, the Debtors filed a second amended Schedule C, valuing the inheritance in the amount of $47,500.00.

---

1. The pleadings do not indicate whether the "inheritance" was received by reason of a distribution from an intestate, as a restricted definition of the word would require; or by bequest or devise under a will, as would be included under the popular use of "inheritance." *Black's Law Dictionary* 922 (Rev. 4th ed. 1968).

On December 28, 1993, this Court held a hearing on the Trustee's Objection. The Court heard argument from counsel and invited submission of supplemental memoranda. At the hearing and in his post-trial memoranda, the Trustee objected to the exemption on the grounds that an allowance of the full exemption would result in an unreasonable interpretation of the Maryland Constitution; and/or that an inheritance was not property entitled to exemption under the Maryland Annotated Code, Courts and Judicial Proceedings, section 11–504(b). Because this Court finds that an inheritance is not subject to exemption under the applicable law, this Court need not reach the Trustee's state constitutional question.

## DISCUSSION

■ Generally, the debtor's estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. section 541(a)(1). In addition, certain property, including an inheritance, acquired within 180 days after commencement of the case, that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, also becomes property of the estate. 11 U.S.C. section 541(a)(5)(A).

Accordingly, when the Debtor became entitled to an inheritance, that inheritance became property of the estate, and the Debtors properly amended their schedules. The Debtors also amended schedule C and claimed the inheritance as exempt property.

Although the Bankruptcy Code provides a federal scheme of exemptions, 11 U.S.C. § 522(b)(1) and (d), a state is permitted to limit a debtor in bankruptcy to those exemptions available under state law by opting out of the federal exemptions. 11 U.S.C. § 522(b)(1). Maryland has opted out of the federal exemptions. Md.Code Ann.Cts. & Jud.Proc. (hereinafter C. & J.P.) section 11–504(g) (1989). Thus, a debtor filing in Maryland may exempt property solely pursuant to Maryland law, including C. & J.P. section 11–504(b).

On their amended schedule C, Debtors claimed the inheritance as exempt, pursuant to C. & J.P. section 11–504(b)(2). This subsection states as follows:

(b) The following items are exempt from execution on a judgment:

(2) Money payable in the event of sickness, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred.

For the reasons stated above, the Chapter 7 Trustee objected to the exemption. In a case of first impression, this Court must ascertain whether C. & J.P. section 11–504(b)(2) exempts an inheritance from property of the estate.

Preliminarily, the court must look to the plain language of the statute itself. If the court determines "that the statutory language is plain and free of ambiguity, it is conclusively presumed to be the meaning of the legislative body in enacting the statute". *Town of Summerset v. Montgomery County Board of Appeals*, 245 Md. 52, 225 A.2d 294, 306 (1966). *See also United States v. James*, 834 F.2d 92 (4th Cir.1987).

The first sentence of the statute exempts "money *payable* in event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings" (emphasis added). The trustee argues that an inheritance is not payable by reason of death, but because the decedent bequeathed the property, or, if the decedent died intestate, the applicable laws of intestate succession provided a scheme for distribution of property. The heirs/legatees become entitled to property by operation of either the will, or the statute. Clearly, the exemption provision is not without ambiguity.

In light of the ambiguity, this Court must proceed further to ascertain the legislature's intent. In interpreting the statute's provisions, the Court looks "first to the words of the statute, read in light of the full context in which they appear, and in light of external manifestations of intent or general purpose

available through other evidence." *Richmond v. State,* 326 Md. 257, 604 A.2d 483, 485 (1992). *See also State v. Bricker,* 321 Md. 86, 581 A.2d 9, 12 (1990); *Cunningham v. State,* 318 Md. 182, 567 A.2d 126, 127 (1989); *Kaczorowski v. City of Baltimore,* 309 Md. 505, 525 A.2d 628, 632 (1987).

Although there is no legislative history to review to definitively ascertain the subsection's meaning, in 1981, the General Assembly amended C. & J.P. section 11–504(b)(2) to its present form. An examination of the subsection prior to the 1981 amendment, provides an indication of the legislature's intent. Before the amendment, this exemption, found at C. & J.P. 11–504(a)(2)(i), read as follows:

> (a) Except as provided in subsection (b), the following are exempt from execution on a judgment:

> (2)(i) Money payable in the nature of insurance, benefit, or relief in the event of sickness, accident, injury, or death of any person, except that disability income benefits are not exempt if the judgment is for necessaries contracted for after the disability is incurred. 1980 Md.Laws 546.

In 1981, the General Assembly deleted the phrase "in the nature of insurance, benefit, or relief". Contrary to the Debtors' position, the deletion did not operate as an extension of the scope of the exemption. If the deletion was the only change to the subsection, the Debtors' position would be better advanced; the General Assembly, however, further amended the subsection.

The clause "including compensation for loss of future earnings" was added to the clause ending "death of any person" and the additional sentence was added: "This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief."

In light of the specific nature of the listed inclusions, it is clear that the rule of *ejusdem generis* must be applied.

> The doctrine of ejusdem generis is an attempt to reconcile an incompatibility between specific and general words so that all words in a statute … can be given

effect, all parts of a statute can be construed together and no words will be superfluous. If the general words are given their full and natural meaning, they would include the objects designated by the specific words, making the latter superfluous. If, on the other hand, the series of specific words is given its full and natural meaning, the general words are partially redundant. The rule "accomplishes the purpose of giving effect to both the particular and the general words, by treating the particular words as indicating the class, and the general words as extending the provisions of the statute to everything embraced in that class, though not specifically named by the particular words."

*State Department of Assessments and Taxation v. Belcher,* 315 Md. 111, 553 A.2d 691, 695–96 (1989), *quoting* Sutherland, *Statutory Construction* section 47.17 (N. Singer 4th ed. 1985).

The second sentence lists the following as exempt: "money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation and relief." All of these examples relate to benefits or rights which would arise out of civil liability or insurance, but none of the examples relate to an inheritance. This is understandable in part from the Maryland legislature's long standing special treatment of insurance. *In re Howland,* 27 B.R. 896 (Bankr.D.Md.1983). The language "but is not limited to" was included to avoid the preclusive effect of a specific list, not to expand the class of payments entitled to exemption. In addition, the second sentence was added to limit the apparently broad first sentence.

■ The payments entitled to exemption, whether it be by judgment, insurance or otherwise, due in the event of the "sickness, accident, injury, or death of any person", are owed because of a third party's liability, arising by contract, judicial determination or settlement. The third party's liability serves as the basis for the payment of money to a debtor.

An heir or legatee, however, is not entitled to an inheritance because of any third party liability. A testate decedent's property is

distributed pursuant to the probated will (unless altered by statutory rights). Md.Code Ann. Est. & Trusts section 4–101 *et seq.* (1991). Similarly an intestate decedent's property is distributed by a statutory scheme. *See* Md.Code Ann. Est. & Trusts section 3–101 *et seq.* (1991).

"Moreover, [courts] approach the analysis of the language from a 'commonsensical', rather than a technical perspective, (citations omitted), always seeking to avoid giving the statute a strained interpretation or one that reaches an absurd result." *Richmond,* 604 A.2d at 486; *Baltimore Cty. C.A.U.T. v. Baltimore City,* 321 Md. 184, 582 A.2d 510, 519 (1990); *D & Y, Inc. v. Winston,* 320 Md. 534, 578 A.2d 1177, 1179 (1990). To include money distributed as an inheritance in the exemption of C. & J.P. 11–504(b)(2) would create an absurdity totally unsupported by any legislative purpose. Such an interpretation would protect money inherited, but not any other type of property. Thus, a beneficiary could protect money resulting from the sale of the decedent's estate, but could not protect distributions received in kind.

For the reasons enunciated above, this Court finds that the meaning of "money payable in the event of sickness, accident, injury, or death of any person" set forth in C. & J.P. 11–504(b)(2) does not include money bequeathed or devised to a legatee or other distributee or beneficiary under the will of a decedent, nor money inherited by intestate succession. Accordingly, the Trustee's objection is sustained. The Debtor's interest in her mother's inheritance remains property of the estate and is not exempt property pursuant to section C. & J.P. 11–504(b)(2).