**In re Brian W. BUNCH, Debtor.**

**Brian W. Bunch, Plaintiff,**

v.

**Hopkins Savings Bank, et al., Defendants.**

**Bankruptcy No. 99–5–4703–JS.
Adversary No. 99–5475–JS.**

United States Bankruptcy Court,
D. Maryland.

May 30, 2000.

Brett Weiss, Brett Weiss, P.C., Olney, MD, for debtor.

Ellen W. Cosby, Baltimore, MD, Chapter 13 Trustee.

Alvin M. Lapidus, Baltimore, MD, for trustees.

Robert N. Grossbart, Baltimore, MD, for Hopkins Savings Bank, defendant.

Karen H. Moore, Baltimore, MD, Asst. U.S. Trustee.

### MEMORANDUM OPINION DENYING MOTION TO DISMISS

JAMES F. SCHNEIDER, Bankruptcy Judge.

This opinion holds that while a decedent's estate is not eligible to file a Chapter 13 bankruptcy petition because it is not within the definition of an "individual" as set forth in 11 U.S.C. § 109 for purposes of Chapter 13, a debtor who is serving as a personal representative of a decedent's estate is not thereby barred from filing a Chapter 13 petition in his individual capacity, if otherwise eligible. The instant complaint filed by a Chapter 13 debtor against a mortgagee who sold at foreclosure the debtor's residence that he had inherited from his mother sufficiently states a cause of action for which relief can be granted where (1) the debtor was both personal representative of his mother's decedent's estate and also her sole heir and was residing in the decedent's former home; (2) the mortgagee, with knowledge of the debtor's filing of bankruptcy in his individual capacity nevertheless sold the property at foreclosure without first obtaining relief from the automatic stay; (3) the complaint al-

leged that the failure of the defendants to seek relief from the automatic stay before instituting foreclosure proceedings subjects them to the imposition of damages pursuant to 11 U.S.C. § 362(h) for willful violation of the automatic stay; and (4) the debtor's interest in his mother's decedent's estate as her sole heir and beneficiary on the date he filed bankruptcy was property of the debtor's bankruptcy estate and subject to the automatic stay provisions of 11 U.S.C. § 362(a).

## FINDINGS OF FACT

On April 8, 1999, the debtor, Brian W. Bunch, filed the instant Chapter 13 bankruptcy petition in this Court, listing as his residence "1936 Denbury Drive, Baltimore, Maryland 21222." Mr. Bunch is the son and sole heir of Dorothy B. Bunch, who died intestate in 1998. He was appointed her personal representative by the Orphans Court for Baltimore County.

On August 24, 1998, Mr. Bunch executed a mortgage as personal representative of the estate of Dorothy B. Bunch, borrower, on property identified as 1936 Denbury Drive, Baltimore County, Maryland, which was property of the decedent's estate, to Encore Mortgage, Inc., lender, in the principal sum of $42,000. At the time the foreclosure sale was scheduled to be held on April 9, 1999, the mortgage was in default. The day before the sale was to take place, Mr. Bunch filed the bankruptcy petition, not as personal representative, but in his own name and in his individual capacity.

The defendants are Hopkins Savings Bank, successor mortgagee, Alvin M. Lapidus and Denise Rush Nader, trustees on the mortgage, and Alvin M. Lapidus, P.A., attorney to the trustees.

On April 8, 1999, for the purpose of alerting the defendants that the foreclosure sale should be canceled, Brett Weiss, Esquire, counsel to the debtor, allegedly notified Hopkins Federal and Mr. Lapidus that Mr. Bunch had filed a Chapter 13 bankruptcy petition. After Mr. Weiss spoke on the telephone with bank's counsel, Robert N. Grossbart, Esquire, Hopkins agreed to cancel the sale. On the day of sale, however, Mr. Weiss was called by Alvin M. Lapidus, Esquire, who advised him that he had decided to proceed with the sale after obtaining a second opinion from an unnamed attorney regarding the sale's legality. The sale went forward as scheduled, but has not been ratified, and the debtor remains in possession.

On May 11, 1999, the debtor filed the instant complaint to hold the bank, substitute trustees and counsel in contempt for having violated the automatic stay of 11 U.S.C. § 362 by selling the debtor's residence at foreclosure, and to enjoin them from continuing to violate the stay by attempting to ratify the foreclosure sale and obtain possession of the debtor's residence.

## CONCLUSIONS OF LAW

### 1. Property of the estate.

■ The filing of a bankruptcy petition creates a bankruptcy estate that comprises all of the debtor's legal and equitable interests in property. *In re Royal*, 165 B.R. 802 (Bankr.D.Md.1994); 11 U.S.C. § 541. In *Royal*, Judge Keir of this Court stated: "Accordingly, when the Debtor became entitled to an inheritance, that inheritance became property of the estate[.]" 165 B.R. at 803 (holding as non-exempt an inheritance that became property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(5)(A) that a Chapter 7 debtor acquired within 180 days after the commencement of the case). Property of the bankruptcy estate is protected from creditors by the automatic stay provided in 11 U.S.C. § 362, with some exceptions not applicable here.

### 2. Debtor was the sole heir of his mother's decedent's estate.

■ State law determines what interest, if any, a debtor has in property. *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). "Under the Maryland laws of intestacy, the rights of a prospective heir do not vest until the death of the

intestate decedent." *U.S. v. Miscellaneous Jewelry,* 667 F.Supp. 232 (D.Md.1987), *aff'd sub nom., U.S. v. Walker,* 889 F.2d 1317 (4th Cir.1989)(*citing* Md.Code Ann., [Est. & Trusts] §§ 3–101–3–110 (1974, 1986 cum. Supp.)). Section 1–101(h) of the same statute defines "heir" as "a person entitled to property of an intestate decedent pursuant to §§ 3–101 through 3–110."[1] Md.Code Ann. [Est. & Trusts] § 1–101(h) (Supp.1999). Therefore, while it is true that the debtor held bare legal title to the property in question as personal representative, as the defendants acknowledge, it is equally clear that he also held an equitable interest in his mother's property as the decedent's sole heir and sole beneficiary of her estate, which had vested in him at the time of her death, well before the debtor filed bankruptcy. The complaint does not indicate whether, on the date the sale occurred, the debtor was in possession of the premises as her sole heir after a distribution, or as her personal representative before a distribution. However, it is alleged that he was in possession of the premises, regardless of whether his status was as sole heir, personal representative, or otherwise.[2] At least insofar as the debtor had some possessory interest in the property, whether legal or equitable, the automatic stay took effect on the date the bankruptcy petition was filed and remained in effect at the time the sale of the debtor's residence occurred, without the prior lifting of the stay by this Court.

1. The debtor is also an "interested person" in the decedent's estate as that term is defined in the Maryland statute to include both heirs and personal representatives. Md.Code Ann. [Est. & Trusts] § 101(i) (Supp.1999).

2. Section 7–101 of the Maryland Estates and Trusts Code requires that a personal representative make distribution of the assets of a decedent's estate within the time provided in Section 7–305 for rendering the first account, which the latter section provides shall be within nine months from the date of the appointment of the personal representative, unless the time is extended by the Orphans Court.

### 3. Debtor's eligibility as an individual wage earner to file Chapter 13.

The debtor's Statement of Financial Affairs filed with his Chapter 13 petition indicated that he was employed during the two years preceding his filing as an employee of Friendly's Ice Cream Parlor and Roman Air Conditioning, and received a regular income. It therefore appears that he was eligible to file a Chapter 13 bankruptcy case as an individual wage earner with regular income. In addition, his schedules indicated that he was well within the statutory debt limits for Chapter 13. 11 U.S.C. § 109(e).

### 4. An individual who is also a fiduciary may file a Chapter 13 bankruptcy petition.

The mere fact that the debtor is the personal representative of his mother's decedent's estate did not serve to disqualify him from filing a Chapter 13 petition as an individual. The Bankruptcy Code contemplates that a trustee or other fiduciary holding title to assets for the benefit of others may be a debtor in bankruptcy because Section 541(b)(1) specifically excludes from property of the bankruptcy estate "any power that the debtor may exercise for the benefit of an entity other than the debtor[.]" Likewise, Section 523(a)(4) provides for the nondischargeability of debts created by debtors "for fraud or defalcation while acting in a fiduciary capacity[.]" *Id.*[3]

Md.Code Ann. [*Est. & Trusts*] § 7–101(1991) and § 7–305(a)(1) (Supp.1999).

3. This Court has held that "[t]he types of fiduciary capacity intended by Congress to render a debt nondischargeable are persons in positions of ultimate trust, such as public officers, executors, administrators, guardians, trustees of express trusts, attorneys and corporate directors." *Spinoso v. Heilman (In re Heilman),* 241 B.R. 137, 169 (Bankr.D.Md. 1999) (citations omitted). Executors or administrators are synonymous with personal representatives. Md.Code Ann. [Est. & Trusts] § 1–101(q) (Supp.1999).

■ The filing of a bankruptcy petition by a debtor as trustee or other fiduciary does not bring the assets of the trust or other fiduciary estate within the jurisdiction of the bankruptcy court. However, the result may be different when the debtor is both fiduciary and beneficiary of the fiduciary estate.

### 5. Decedents' estates are not eligible to file for relief under Chapter 13.

■ The debtor's eligibility to file a Chapter 13 bankruptcy petition as an individual is to be distinguished from the prohibited filing of a Chapter 13 petition by a decedent's estate. *In re Walters,* 113 B.R. 602 (Bankr.D.S.D.1990); *In re Estate of Patterson,* 64 B.R. 807 (Bankr.W.D.Tex. 1986) (a decedent's estate is not a person and therefore may not file a petition under Title 11); *In re Estate of Whiteside,* 64 B.R. 99 (Bankr.E.D.Cal.1986); *In the Matter of 299 Jack–Hemp Associates,* 20 B.R. 412 (Bankr.S.D.N.Y.1982) (bankruptcy petition filed by partnership of co-executors of decedent's estate was filed in bad faith); *In re Jarrett,* 19 B.R. 413 (Bankr. M.D.N.C.1982); *Provident Bank v. Kirby (In re Kirby),* 9 B.R. 901 (Bankr.E.D.Pa. 1981) (debtor without regular income was ineligible to file Chapter 13 bankruptcy petition in her name as trustee).

### 6. Baneful consequences of this opinion discounted.

The defendants' argument that mortgagees will be imperiled if they foreclose upon property in which debtors hold interests as heirs without notice of the filing of a bankruptcy petition is unfounded, based upon the facts of the instant case. Here, the defendants were on notice that the debtor was the sole heir of his mother's decedent's estate. Indeed, according to the complaint, they dealt with him as her personal representative and allegedly had knowledge that he was residing on the premises.

### 7. The motion to dismiss will be denied.

■ When ruling upon a motion to dismiss a complaint for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded allegations in the complaint, *Vickers v. Nash General Hosp. Inc.,* 78 F.3d 139, 141 (4th Cir.1996), including all reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969). A motion to dismiss for failure to state a claim should only be granted where it appears to be impossible for the plaintiff to allege any facts sufficient for relief to be granted. *Labram v. Havel,* 43 F.3d 918, 920 (4th Cir.1995); *Hemelt v. Pontier (In re Pontier),* 165 B.R. 797, 798–99 (Bankr.D.Md.1994); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ The instant complaint states a claim for which relief can be granted under Section 362(h), pursuant to which "any deliberate act taken in violation of a stay the actor knows to be in existence justifies an award of actual damages. An additional finding of maliciousness or bad faith warrants the further imposition of punitive damages ..." *In re Crysen/Montenay Energy Co.,* 902 F.2d 1098, 1105 (2d Cir.1990). *Accord, In re Colortran, Inc.,* 210 B.R. 823 (9th Cir. BAP 1997) (willful violation of automatic stay does not require specific intent to violate stay).

For these reasons, the defendants' motion to dismiss will be denied.

ORDER ACCORDINGLY.