**In re John LEKAS, Tina Tram Le, Debtors.**

**John Lekas, Tina Tram Le, Movant,**

v.

**Diane M. Mann, Chapter 7 Trustee, Respondent.**

**No. 02–9091–PHX–SSC.**

United States Bankruptcy Court, D. Arizona.

March 28, 2003.

Adam B. Nach, Lane & Nach, P.C., Phoenix, AZ, for Diane M. Mann.

Stanley M. Hammerman, Hammerman & Hultgren, P.C., Phoenix, AZ, David M. Korrey, Law Offices of David M. Korrey, Las Vegas, NV, for creditor.

Lawrence D. Hirsch, Hirsch Law Office, P.C., Scottsdale, AZ, Anthony W. Clark, Clark & Associates, Phoenix, AZ, for debtors.

## MEMORANDUM DECISION

SARAH SHARER CURLEY, Chief Judge.

### I. INTRODUCTION

This matter comes before the Court on the Debtors' November 7, 2002 Objection

to the Notice of the Trustee's Sale and their Motion for Expedited Hearing on their Objection to the Notice of Trustee's Sale. The Trustee responded to the Motion on November 27, 2002. The Court conducted hearings on the matter; thereafter, the matter was deemed submitted.

In this Memorandum Decision, the Court has now set forth its findings of fact and conclusions of law pursuant to Rule 7052 of the *Rules of Bankruptcy Procedure.* The issues addressed herein constitute a core proceeding over which this Court has jurisdiction. 28 U.S.C. §§ 1334(b) and 157(b) (West 2003).

## II. FACTUAL BACKGROUND

On June 12, 2002, the Debtors filed their petition for relief under Chapter 7. On Schedule B—Personal Property [1], of their Schedules and Statement of Affairs, the Debtors duly listed a term life insurance policy issued by Reliance Standard Life Insurance Company [2]. Debtors listed the value of the policy as zero. Debtor, John Lekas, is the owner of the policy with an insurance value of $500,000. On Schedule C—Property Claimed Exempt [3], the Debtors listed the policy as exempt, stating that the value of the exemption and the market value of the policy were zero. The policy provides in pertinent part:

> Assignment: All or part of this policy may be assigned or transferred by you. Owner and Beneficiary Changes: The Owner and Beneficiary, or either of them, may be changed as often as desired, during the insured's lifetime, by written request, unless otherwise provided in this policy.[4]

1. *See* Schedule B, Docket Entry No. 4.

2. Policy No. VG17023553, issued July 1, 2001.

3. *See* Schedule C, Docket Entry No. 4.

4. See note 2, *supra.*

The premium for the policy is $322.50 every three months [5]. The beneficiary is John Lekas' spouse, Tina Tram Le–Lekas.

On October 18, 2002, the Trustee filed a Notice of Trustee Sale stating that she intended to sell the estate's interest in the policy to a John A. Palumbo for the purchase price of $5,000 on November 29, 2002. Subsequently, the Trustee filed an Amended Notice of the Trustee's Sale, rescheduling the sale date to November 22, 2002. The Debtors filed an objection to the sale before it could occur.

## III. DISCUSSION

### A. Whether the Trustee May Administer the Term Life Insurance Policy Having Failed to Object to the Claim of Exemption.

According to the Debtors, the Trustee failed to object to the Debtors' claim of exemption in the policy, and having failed to do so, the Trustee may not now attempt to administer or take control of the asset for the benefit of creditors. Moreover, the Debtors contend that the Trustee's attempt to sell the term policy and thereby change the beneficiary under the policy, is contrary to public policy.

Under 11 U.S.C. § 541,[6] when a debtor files a bankruptcy petition, all of debtor's property becomes property of a bankruptcy estate. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 1647, 118 L.Ed.2d 280 (1992). The scope of this section is broad and includes all tangible or intangible property. *Cusano v. Klein,* 264 F.3d 936 (9th Cir.2001); *Chappel v.*

5. *See* Trustee's Response, Exhibit A.

6. All references are to the Bankruptcy Code of 1978, as amended, unless otherwise noted.

*Proctor*, 189 B.R. 489 (9th Cir. BAP 1995); *In re Bunch*, 249 B.R. 667 (Bankr.D.Md. 2000); *In re Morris* 154 B.R. 556 (Bankr. D.Ariz.1993). Whether an asset is estate property is determined by examining the nature of the asset on the date the bankruptcy petition was filed. *In re Schmitt*, 215 B.R. 417 (9th Cir. BAP 1997). Although the question of whether an interest claimed by the debtor is "property of the estate" is a question to be decided by federal law, bankruptcy courts must look to state law to determine whether and to what extent the debtor has any legal or equitable interests in property as of the commencement of the case. *Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Cohen*, 300 F.3d 1097 (9th Cir.2002); *In re Pettit*, 217 F.3d 1072 (9th Cir.2000).

■■■ Certain property may initially be included as part of the bankruptcy estate, but it may be removed from the estate through the exemption process. Section 522(b) of the Bankruptcy Code allows a debtor to exempt property from the bankruptcy estate. The validity of a claimed state exemption is controlled by the applicable state law. *In re Goldman*, 70 F.3d 1028, 1029 (9th Cir.1995) [7].

In the decision of *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the Supreme Court held that the trustee's failure to timely object to the debtor's claimed exemption precluded him from later challenging the validity of the exemption. The Trustee's position is that, while *Taylor* states the general rule of automatic exemption by default in the absence of a timely objection, not all failures to object timely to the claimed exemption lead to the property at issue being deemed abandoned or exempt from the bankruptcy estate. The Trustee cites to this Court's decision in *In re Jackson* 194 B.R. 867 (Bankr.D.Ariz.1995) as being illustrative of this point.

■■■ In *Jackson*, the debtors claimed the value of their vehicle at $3000 and claimed the statutory exemption of $3000. The Trustee did not object to the exemption. However, it was determined that the value of the vehicle exceeded the market value as listed by the debtors. The Court noted that by failing to use the "term 100% exempt, or other language, to provide a warning or a red flag to the Trustee, the Debtors limited their recovery to the precise statutory amount that they claimed as exempt." *Id.* at 875. Property must be listed separately with sufficient detail to put the trustee and interested parties on notice of questionable claims. *In re Doyle* 209 B.R. 897 (Bankr.N.D.Ill. 1997). The result of filing inadequate schedules of exempt property is a limitation on the value. *Id.* A lack of clarity in setting forth the exemption may result in the debtor only being allowed the exemption as provided by law. *Seror v. Kahan (In re Kahan)*, 28 F.3d 79 (9th Cir.1994).

■■■ In this case, the Debtors did not list the policy with the requisite degree of specificity as required. The Debtors listed the market value of the policy as zero and also listed the amount of their exemption as zero. This information did not suffi-

---

7. Applicable Arizona law, A.R.S. § 33–1126 (West 2003) provides as follows:

(A) The following property of the debtor shall be exempt from execution, attachment or sale on any process issued from any court:

1. All money received by or payable to a surviving spouse or child upon the life of a deceased spouse, parent or legal guardian, not exceeding twenty thousand dollars.

It should be added that Arizona is an "opt-out" jurisdiction from Federal exemptions under 11 U.S.C. § 522. (See A.R.S. § 33–133(B) (West 2003).)

ciently alert the Trustee and other interested parties that the Debtors wished to exempt the policy and remove it from the bankruptcy estate. As a result, the Debtors' Schedules did not put the Trustee on notice that they claimed an exemption exceeding the $20,000.00 amount provided by Arizona law. The Trustee had no basis to object to the claim of exemption; thus, the Debtors' argument that the Trustee is precluded pursuant to *Taylor* from proceeding with a sale of the term policy is without merit. Accordingly, the Court holds that the Debtors are entitled to claim the life insurance proceeds as exempt, but only as prescribed by applicable Arizona law. The claim of exemption does not prohibit the sale of the term life insurance policy. Moreover, the Court finds that since both of the Debtors are still alive, and the proceeds have yet to be distributed, the disposition of the life insurance proceeds upon the death of Mr. Lekas is not ripe for adjudication.

 A separate but critical issue concerning the administration of the term life insurance policy is who controls the right to designate a beneficiary under the policy. There is, unfortunately, scant authority on this issue. Counsel did not cite, and the Court has not found, any precedent within the Ninth Circuit on this issue.

The Debtors cite to the decision of *In re Herrell*, 210 B.R. 386 (Bankr.N.D.Fla. 1997), for the proposition that the Trustee may not attempt to change the beneficiary of the life insurance policy. In *Herrell*, the debtor, as insured, had purchased a life insurance policy from Kentucky Central Life Insurance Company (KCLIC). The policy had a face value of $25,000, and required an annual premium of $590.04. The debtor did not name a beneficiary and retained the power to name or change the

beneficiary at any time by filing a written notice with KCLIC. The debtor subsequently filed a voluntary petition under Chapter 7 of the Bankruptcy Code and claimed the insurance policy and approximately $4,000 of personal property as exempt property on Schedule C. The insurance policy had no cash surrender value at the time the debtor filed his petition. The trustee argued that the life insurance policy was property of the debtor's bankruptcy estate and that the debtor was entitled to exempt only the cash surrender value of the policy. The Trustee further argued that, as the owner of the policy, the Trustee would be entitled to name himself, in his official capacity, as the beneficiary of the life insurance policy and claim the proceeds for the benefit of the creditors of the debtor's bankruptcy estate. The *Herrell* Court stated that "extensive research has turned up a dearth of Bankruptcy Code case law dealing with this issue" and proceeded to examine this issue under Section 70(a)(3) of the Bankruptcy Act.[8] *Id.* at 388. The Court found that many United States Court decisions interpreting the Act drew a distinction between the cash value of life insurance and the right to designate a beneficiary. Under the Act, life insurance policies which gave the insured the absolute right to change the beneficiary and to surrender the policies and collect the cash surrender value were deemed transferred to the trustees of the bankrupts insured as assets of the respective estates, to the extent of the surrender values, providing the policies were not wholly exempt under the applicable state law. *Id.* at 388. The *Herrell* Court stated that 11 U.S.C. 541(b)(1) and Section 70(a)(3) of the Act had nearly identical provisions and that Congress intended the two sections to be interpreted in a similar manner. The Court, thus, found that the

---

**8.** The predecessor to the Bankruptcy Code.

bankruptcy estate had an interest in the life insurance policy only to the extent of the policy's cash surrender value, determined at the date the bankruptcy petition was filed. *Id.* at 390. Accordingly, the trustee had no interest in the policy, since it had a zero cash surrender value at the time of the filing of the debtor's petition, and the trustee could not designate a beneficiary under the policy.

The Trustee, however, directs the Court to the decision of *In re Sonya Butcher*, 72 B.R. 240 (Bankr.E.D.Tenn.1987). In *Sonya Butcher*, the bankruptcy court held that the trustee was vested with all rights and "powers" exercisable by the debtor under the terms of the policy; one of these rights being the power to change the beneficiary under the policy. *Id.* at 243. The debtor wife owned a convertible life insurance policy insuring the life of her husband for $1,000,000. The policy named the debtor as the primary beneficiary. Less than four months prior to the filing date of the petition, the cash surrender and loan value of the policy was $125,490.00. However, this value did not consider any adjustments for an outstanding loan or loans against the policy, or the prepetition payment of premiums, if any, from the cash surrender value. *Id.* at 242.

The debtor wife conceded that her interest as owner of the policy was property of the estate; however, she argued that the trustee's interest in the policy was limited to the cash surrender value and that she should be permitted to retain her rights as a beneficiary under the policy, noting that the insured (her husband) was at an age where it would be virtually impossible to replace the policy with one providing similar benefits. *Id.* at 243. Like *Herrell*, the Court compared 11 U.S.C. § 541 to Section 70 of the Bankruptcy Act. The Court, however, reached a different result and held that not only was the insurance policy an asset of the estate, but the trustee had the power to change the beneficiary on the policy.

This Court will not follow the *Sonya Butcher* holding[9]. The Court realizes that the scope of § 541 is broad and includes all tangible or intangible property. *Cusano v. Klein*, 264 F.3d 936 (9th Cir.2001); *Chappel v. Proctor*, 189 B.R. 489 (9th Cir. BAP 1995); *In re Bunch*, 249 B.R. 667 (Bankr. D.Md.2000); *In re Morris* 154 B.R. 556 (Bankr.D.Ariz.1993). However, certain assets do not become a part of the bankruptcy estate. 11 U.S.C. § 541(b). If a debtor has taken out a life insurance policy on his own life that reserves to the debtor the ability to change or alter the beneficiary under the policy, and, hence, the ability of the debtor to designate himself/herself as a beneficiary under the policy, the policy becomes property of the estate pursuant to 11 U.S.C. § 541(a)(1), but only to the extent of the cash surrender value of the policy on the date of filing of the petition. *In re Herrell*, 210 B.R. 386, 390 (Bankr. N.D.Fla.1997) (citing *Cohen v. Samuels*, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143 (1917))[10]; *In re Davis* 275 B.R. 134 (Bankr.D.Dist.Col.2002); *In re Sloss*, 279

---

**9.** Neither the *Herrell* nor the *Sonya Butcher* decision can be viewed as controlling law. The doctrine of stare decisis does not bind one bankruptcy court to follow the decision of another bankruptcy court, even if that decision is from another bankruptcy judge in the same district. *In re Suburban Motor Freight*, 134 B.R. 617, 626 (Bankr.S.D.Ohio 1991).

**10.** In *Cohen*, the Supreme Court held that even though the policies at issue were not payable to the debtor, the cash surrender value of the policies was an asset which passed to the bankruptcy trustee under § 70a of the Bankruptcy Act (11 U.S.C. § 110(a)) because the insured debtor had the power, by reason of the reservation to designate the beneficiary under the policies, to make the policies payable to himself.

B.R. 6 (Bankr.D.Mass.2002); *In re Michaels*, 282 B.R. 234 (10th Cir. BAP 2002). The right to designate and/or change the beneficiary, however, does not become property of the estate. Additionally, the estate's interest in a policy is subject to a debtor's right to claim the cash surrender value as exempt. *In re Herrell*, 210 B.R. 386, 390 (Bankr.N.D.Fla.1997).

However, in this case, a distinction must be drawn, since the policy, as a term policy, has no monetary value at any time until the death of the insured. *Gaethje v. Gaethje* 7 Ariz.App. 544, 441 P.2d 579 (1968). As such, there is no cash surrender value, and the right to designate or change the beneficiary does not become property of this estate.

## B. The Public Policy Issue

▮ From a public policy standpoint, the Court does not see a basis for allowing a Trustee to dictate what happens to a term policy, especially when it has no cash value. The Trustee also did not disagree that Mr. Lekas would be unable to obtain a new life insurance policy to protect his family, if the Trustee were able to sell his current policy as proposed.[11] The primary function of life insurance is to provide monetary assistance to the beneficiary at a time of financial, and often emotional, distress. Allowing the Trustee to supplant the beneficiary, the debtor wife, and sell the policy for a mere $5,000 would severely undermine that function. Clearly Congress did not intend to affect the private rights to contract and the ability to provide a third-party means to protect a family so that family members do not become destitute upon the death of a critical wage-earning or asset-providing family member. For these independent policy reasons, the Trustee's request to sell the Debtor's term life insurance policy should be denied.

---

11. There seemed to be general agreement that Mr. Lekas' health problems and age made

## IV. CONCLUSION

Based upon the foregoing, the Court concludes that the Debtors are entitled to claim an exemption in the life insurance policy, but only as prescribed by applicable Arizona law. Moreover, the Court concludes that the policy is property of the estate pursuant to 11 U.S.C. § 541, but only to the extent of the cash surrender value, which, in this case, is zero. The Trustee does not have the power to designate a beneficiary under the policy. Accordingly, the Debtors' Objection to the Trustee's sale is SUSTAINED.

The Court will execute a separate order incorporating this Memorandum Decision.

him "virtually uninsurable." He would be unable to obtain a replacement policy.