**In re R.D. WRIGHT, a/k/a R. Don Wright and Don Wright, Debtor.**

**Bankruptcy No. 188–10048–7.**

United States Bankruptcy Court,
N.D. Texas,
Abilene Division.

May 11, 1989.

James D. Norvell, Norvell, Connally & Haigler, Abilene, Tex., for debtor.

Craig Weinlein, Carrington, Coleman, Sloman & Blumenthal, Dallas, Tex., for John Deere.

Darrell W. Moore, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Abilene, Tex., for NCNB.

Billy W. Boone, Abilene, Tex., for trustee.

Stanley W. Wright, Arlington, Tex., Trustee–in–Bankruptcy.

## MEMORANDUM OF OPINION ON EXEMPTIONS

JOHN C. AKARD, Bankruptcy Judge.

The Court is called upon to resolve several exemption disputes between R.D. Wright (Debtor) and his creditors.

### Facts

On August 24, 1987, the Debtor filed a pro se petition for relief under Chapter 11 of the Bankruptcy Code.[1] His wife, Micki Wright did not join in the petition.

---

1. The Debtor is a resident of Abilene, Texas, which is one of the divisions of this Court, but he filed his petition in the Lubbock Division where it was assigned number 587–50579. Presumably the reason for filing in Lubbock was to avoid the publicity of filing a bankruptcy petition in his home town. The apparent purpose of the Chapter 11 filing was to avoid foreclosure on some New Mexico land he owned. After hearing, the Court relieved the Automatic Stay

In the schedules he filed on August 24, 1987, the Debtor claimed his homestead at 2101 Shoreline, Abilene, Texas, household goods, supplies and furnishings as exempt. The schedules showed no values, but contained a notation: "Values will be supplemented at a later date." On October 1, 1987, the Debtor filed what he referred to as the "first supplement" to his petition and schedules. In it he claimed the homestead at 2101 Shoreline, Abilene, Texas, valued at $600,000.00, household goods, supplies, and furnishings valued at $10,-000.00 and pictures, figurines, clothing, jewelry, firearms, "etc." valued at $11,-000.00 as exempt, for a total exemption claim of $621,000.00.

Pursuant to § 341 of the Bankruptcy Code[2] the meeting of creditors in the Chapter 11 proceeding convened on October 7, 1987. It was continued until December 2, 1987 but, at the Debtor's request, was not held on that day and, instead, was continued to February 1, 1988.

On November 6, 1987, John Deere Industrial Equipment Company (John Deere) filed an objection to the Debtor's claim of exempt property. The objections asserted that the Debtor's schedules failed to identify the property claimed as exempt homestead with sufficient description to allow the creditor to determine if the property claimed as exempt satisfied the requirements of Texas Property Code § 41.001 (Vernon 1989).[3] Further, it asserted that the Debtor's schedules failed to itemize and properly describe and value the personal property claimed as exempt under T.P.C. § 42.001 (Vernon 1989) with sufficient detail to allow creditors to determine whether the Debtor was entitled to claim the exemption.

On February 29, 1988, the Court converted the case to a liquidation under Chapter 7. Stanley Wright was appointed Trustee. The meeting of creditors in the Debtor's Chapter 7 case was held April 21, 1988. NCNB Texas National Bank (NCNB)[4] filed an objection to the Debtor's claim of exemptions on May 20, 1988.

On February 22, 1988, pursuant to this Court's order, the Debtor provided a list of exempt personal property to John Deere. The total value of the property listed was $7,191.75. That list has not been filed with this Court and, therefore, is not part of the Debtor's exemption claim.

On June 30, 1988, James R. Norvell entered his appearance as attorney for the Debtor.[5] On August 3, 1988, the Debtor filed an Application for Filing Third Amended Schedules on grounds that "Debtor has discovered errors and omissions and desires to change his schedules so as to more accurately reflect the value of his Estate." On August 20, 1988, the Court granted the application. On August 22, 1988, the Debtor, assisted by Mr. Norvell, filed what is referred to as the "third amended" petition and schedules in which he claimed the homestead at 2101 Shoreline, Abilene, Texas, valued at $600,000.00, household goods valued at $2,129.25, books, pictures and collections valued at $187.50, and wearing apparel and personal possessions valued at $4,875.00 as exempt, for a total exemption claim of $607,191.75.

Despite orders of this Court, the Debtor consistently refused to allow the Trustee, John Deere and NCNB to inspect the personal property he claimed as exempt. John Deere and NCNB asked this Court to deny all the Debtor's claimed exemptions based on his failure to comply with Court orders. That matter is reserved by the Court for determination at a later date.

The Debtor contends that his list of exemptions was correct and of sufficient sub-

---

to allow foreclosure on the New Mexico property. On February 12, 1988, the case was transferred to the Abilene Division where it was assigned Case No. 188–10048.

**2.** The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are to sections in the Bankruptcy Code.

**3.** Hereafter T.P.C.

**4.** The bank was formerly known as InterFirst Bank Abilene, N.A. and then as First Republic-Bank Abilene, N.A.

**5.** It appears that Mr. Norvell advised the Debtor on several matters prior to entering an appearance in the case.

stance to apprise John Deere, NCNB and the Trustee of the his claims. He asserts that John Deere and NCNB filed objections which were merely objections to form rather than to the substance of his claim of exemptions and that these creditors were required to specify the particular items of property they believed the Debtor was not entitled to claim as exempt. He asserted that since the objections as filed were defective and the time for filing objections has long since passed, that the exemptions should be allowed as prayed for.

## DISCUSSION

■ A bankruptcy court must determine what a debtor's exemptions are as of the date of the original Chapter 11 filing and not as of the date the bankruptcy case was converted to Chapter 7. *Stinson v. Williamson (In re Williamson)*, 804 F.2d 1355, 1359 (5th Cir.1986).

Pursuant to § 522, debtors are required to list property claimed as exempt in the schedule of assets filed in the bankruptcy proceedings. Bankruptcy Rule 4003(a). The Trustee or any creditor may file objections to the list of property claimed as exempt within thirty days after the conclusion of the meeting of creditors or the filing of any amendment to the list, unless the court grants an extension of time in which to file such objections. Bankruptcy Rule 4003(b).

■ When a case is converted from Chapter 11 to Chapter 7, a debtor is obligated to file new lists, inventories, schedules, statements of financial affairs and statements of executory contracts if the Court deems it necessary or if they have not been previously filed. Bankruptcy Rule 1019(1)(A). A new time period for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of debt begins. Bankruptcy Rule 1019(3). Although the rule does not specifically mention a new time period for filing objections to exemptions, such a time period is appropriate. The Court's order setting the meeting of creditors in the Chapter 7 case established May 21, 1988, as the new deadline for filing objections to exemptions. John Deere filed its objections before the conclusion of the meeting of creditors in the Chapter 11 proceeding and, thus, the objections were timely filed. Clearly, no purpose would be served by requiring John Deere to re-file the objections after the case was converted to Chapter 7. The objections originally filed by Deere are pending until the Court rules upon them.

The objections filed by NCNB fell within the new deadline established by the Court following the case's conversion to Chapter 7. If there was any defect in that filing, it was remedied when the Debtor filed his third amended schedules, including claim of exemptions, on August 22, 1988.

■ It is common practice when claiming exemptions for a debtor to list generally home furnishings because T.P.C. § 42.002, listing the property eligible for exemption under T.P.C. § 42.001, lists "home furnishings, including family heirlooms." However, once a party files an objection to exemptions, it is incumbent on a debtor to specifically identify and value each item claimed as exempt with particularity. The Debtor has not done so.

■ The Debtor's third amended schedules, filed on August 22, 1988, lists three categories of personal property: "Household goods;" "Books, pictures, and collections;" and "Wearing apparel and personal possessions." Although T.P.C. § 42.002(1) mentions home furnishings, this section lists no exemption for "household goods." Additionally, it lists no exemption for "books, pictures and collections," the closest being "tools, equipment, books, and apparatus, including a boat, used in a trade or profession" if reasonably necessary for the family. *Id.* at § 42.002(3)(A). There is an exemption for clothing if reasonably necessary for the family but no exemption for "wearing apparel and personal possessions." *See Id.* at § 42.002(3)(C).

The Debtor asserted that the creditors did not specify the items of personal property which he should not be allowed as exempt. The reason the creditors have not made a more specific objection is that the

Debtor has failed to specify the property which he claims as exempt. Clearly, when the Debtor has not been appropriately specific in his claim of exemptions, he cannot complain that the creditors have not been appropriately specific in their objection to his claim of exemptions.

T.P.C. § 41.001 contains the Texas homestead exemption. The homestead is defined in T.P.C. § 41.002. The urban homestead is to contain not more than one acre of land, while the rural homestead is to contain not more than 200 acres of land. *See Id.* The Debtor did not specify whether he claims an urban or a rural homestead and furnished no legal description of the property so the creditors can determine if he is properly claiming the property as exempt.

The Court concludes that the Debtor has not properly claimed his exemptions and that the claimed exemptions should be denied. The Debtor has a right to amend his schedules. Bankruptcy Rule 1009(a). The Court will grant the Debtor a specified period of time in which to file a correct statement of exemptions and, failing that, will deny all exemptions and order all property delivered to the Trustee.

Apparently the Debtor asserts that some property in his possession or control is owned by other parties. The Debtor is required to fully account for such property and to explain its ownership.

█ Property of the bankruptcy estate as defined in § 541(a)(2) includes all interests of the debtor and the debtor's spouse in community property that is under the sole, equal, or joint management and control of the Debtor or that is liable for an allowable claim against the Debtor. It is important for the administration of this case to determine what property, if any, is claimed by Micki Wright to be her separate property or community property under her sole management and control and, thus, not subject to the Debtor's debts. The best way to determine that information is for Micki Wright to file a statement of affairs and schedules in this proceeding, listing such property as of the date of the filing of the Chapter 11 petition, together with any additions, deletions or changes in such property to a current date. Therefore, the Court will issue notice to Micki Wright to show cause why she should not file such information with this Court.

## CONCLUSION

For the reasons set forth above this Court concludes that:

1. The Debtor's motion to deem exemptions allowed should be denied.

2. The exemptions claimed by the Debtor should be denied and the Debtor should be given a specified time to amend his schedules to properly claim his exemptions.

3. The Court should defer action on the motions to deny all exemptions to the Debtor now pending.

4. A notice should issue to Micki Wright to show cause why she should not be required to file a statement of affairs and schedules in this proceeding.

5. The Debtor should be ordered to specify all property in his possession or under his control which he does not own and provide appropriate information so that the Trustee and the creditors in this proceeding may make a determination of ownership.

6. The Debtor should be ordered to turn over all non-exempt personal property to the Trustee by a specified date and time.

ORDERS ACCORDINGLY.[6]

---

**6.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.