United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-51024
Summary Calendar

In the Matter of: PEDRO MARTINEZ, JR.,

Debtor

----------------------------------------------------

EDWARD CASEY,

Appellant

Appeal from the United States District Court
for the Western District of Texas
(SA-01-CV-1050)

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Edward Casey ("Casey") appeals from the issuance of an injunction by the bankruptcy court

pursuant to 11 U.S.C. § 110 which proscribes certain conduct of "bankruptcy petition preparers."

The district court affirmed the bankruptcy court's order. For the following reasons, we VACATE

the injunction and REMAND for further consideration.

FACTUAL AND PROCEDURAL BACKGROUND

---

[*]  Pursuant to 5TH CIR. R. 47.5, t he Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Casey owns a business (Southern Residential Capital) that purchases distressed real property, or mortgages that are in default or foreclosure, from banks at a discount. The property owner pays Casey a $500 fee for this service. Casey finds his clients by sending out bulk mail explaining his services to persons in jeopardy of losing their homes.

Rubia Martinez, the wife of the debtor in this case, Pedro Martinez, Jr., received Casey's mailing and contacted him. On February 5, 2001, Casey met with Rubia Martinez, at which time she told Casey that she had previously filed for bankruptcy a few years earlier. Casey provided Rubia Martinez blank bankruptcy forms of the type that can be purchased at an office supply store, and a sample with handwritten instructions on how to fill out the forms prepared by a former employee of Casey's. Casey received a $500 fee from Rubia Martinez. He claims that the fee was not for assistance in filing for bankruptcy, but rather to provide assistance with her mortgage.

On February 6, 2001, Pedro Martinez filed a pro se Chapter 13 bankruptcy. Casey contends that he never spoke to Pedro Martinez, nor did he assist him in preparing the petition. Nevertheless, Pedro Martinez listed Casey on a pro se questionnaire filed with the bankruptcy court as someone he paid or promised to pay a $500 fee to assist him in preparing the bankruptcy petition or completing forms. The Bankruptcy Court for the Western District of Texas has previously determined that a reasonable fee for services performed by a petition preparer should not exceed $50. See In re Guttierez, 248 B.R. 287, 298 (Bank.W.D. Tex. 2000). Petition preparers are also required to sign the debtor's petition. See 11 U.S.C. § 110(b)(1). Because the $500 fee exceeded the allowable $50 fee and Casey did not sign Pedro Martinez's petition, the bankruptcy court issued an Order to Appear

and Show Cause against Casey <u>sua sponte</u>.[1]  Casey filed a response and appeared <u>pro se</u> via telephone at a show cause hearing held on March 13, 2001.[2]  The bankruptcy court questioned Casey directly and determined that an injunction was warranted.

On March 20, 2001, the bankruptcy court issued an order, under which Casey was required to provide to the U.S. Trustee the names of any clients "to whom blank bankruptcy petition forms have been provided for the purpose of filing pro se bankruptcy cases."  The order further permanently enjoins Casey, his employees, and/or his agents from engaging in the following activities:

> A.  Offering or providing any bankruptcy petition preparation service or activity, including the distribution of blank bankruptcy petition forms, on behalf of anyone at any time and in any fashion;
>
> B.  Making any representation of any kind, express or implied, written or oral, to any individual whose home is scheduled to be foreclosed upon or to the public at large, as to the effect of filing bankruptcy as an alternative means to stop foreclosure; and
>
> C.  Making any representation, express or implied, or providing any written material, in an attempt to provide guidance on how to file a bankruptcy petition, with or without the assistance of counsel, for the purpose of delaying or stopping foreclosure sales.

Casey obtained counsel and filed a motion for rehearing which the bankruptcy court denied.  Casey appealed to the District Court for the Western District of Texas.  The district court affirmed and Casey appeals.  Casey contends that: (1) the bankruptcy court lacked subject matter jurisdiction,

---

[1]  Although an adversary proceeding initiated by a debtor, creditor, trustee, or a U.S. trustee is ordinarily required, it has been held that a court may raise the § 110 injunction issue on its own motion.  <u>See</u> 11 U.S.C. §§ 110(j) & 105(a); <u>see also</u> <u>In re Graves</u>, 279 B.R. 266, 273-74 (B.A.P. 9th Cir. 2002) ("The fact that Congress gave statutory standing to debtors, creditors, trustees, and U.S. trustees does not, however, preclude the bankruptcy court from raising the § 110(j) injunction issue by way of an order to show cause.").  No issue is raised here as to the bankruptcy court's authority to initiate the show cause hearing.

[2]  The Chapter 13 Trustee and the U.S. Trustee also appeared at the hearing.  Casey appeared via telephone at his request due to a death in his family.

3

(2) the show cause hearing and the bankruptcy court's order violate his due process rights, (3) the injunction exceeds the scope of 11 U.S.C. § 110(j)(2), (4) the district court erred in affirming the order because he was not a "petition preparer," (5) the injunction is too broad, and (6) the injunction violates his free speech rights under the First Amendment. Because we find that the record does not reflect the requisite factual basis for the injunction under 11 U.S.C. § 110, we VACATE the injunction and REMAND for further proceedings.

STANDARD OF REVIEW

This Court, acting as a second review court, reviews the bankruptcy court's findings of fact under a clearly erroneous standard. U.S. Brass Corp. v. Travelers Ins. Group, Inc. (In re U.S. Brass Corp.), 301 F.3d 296, 306 (5th Cir. 2002). "When the district court has affirmed the bankruptcy court's findings, this standard is strictly applied, and reversal is appropriate only when there is a firm conviction that error has been committed." Coie v. Sadkin (In re Sadkin), 36 F.3d 473, 475 (5th Cir. 1994). We review the bankruptcy court's conclusions of law de novo. 301 F.3d at 306. "The issue of subject matter jurisdiction is subject to plenary review by this [C]ourt." Julian v. City of Houston, 314 F.3d 721, 725 (5th Cir. 2002).

DISCUSSION

Pursuant to 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." District courts may, in turn, refer these cases to the bankruptcy judges for the district. See 28 U.S.C. § 157(a). Violations of 11 U.S.C. § 110 arise directly under title 11. See In re Wood, 825 F.2d 90, 96 (5th Cir. 1987) ("Congress used the phrase 'arising under title 11' to describe those

4

proceedings that involve a cause of action created or determined by a statutory provision of title 11.").

Section 110 proscribes certain conduct by non-attorneys who assist debtors in preparing bankruptcy documents. Section 110 only applies to "bankruptcy petition preparers." 11 U.S.C. § 110; see also In re Guttierez, 248 B.R. at 292. A "bankruptcy petition preparer" is defined as "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing."[3] § 110(a)(1). The Bankruptcy Court for the Western District of Texas has previously explained that:

> Section 110 itself proscribes virtually all conduct falling into the category of guidance or advice, effectively restricting "petition preparers" to rendering only "scrivening/typing" services. Anything else - be it suggesting bankruptcy as an available remedy for a debtor's financial problems, merely explaining how to fill out the schedules, or answering questions about exemptions or whether a claim is or is not secured will invariably contravene either state laws proscribing the unauthorized practice of law or other more specific provisions of § 110. The only service that a bankruptcy petition preparer can safely offer and complete on behalf of a pro se debtor after the enactment of § 110 is the "transcription" of dictated or handwritten notes prepared by the debtor prior to the debtor having sought out the petition preparer's service. Any other service provided on behalf of the debtor by a non-attorney (even telling the debtor where the information goes on the form) is not permitted under state unauthorized practice of law statutes, and so is also not authorized by § 110.

Id. at 297-98 (footnotes omitted) (emphasis in original).

Before issuing an injunction, the court must make specific factual determinations that serve as the substantive predicate for the injunction. Specifically:

> [I]f the court finds that-(i) a bankruptcy petition preparer has-(I) engaged in conduct in violation of this section or of any provision of this title a violation of which subjects a person to criminal penalty; (II) misrepresented the preparer's experience or education as

---

[3] A "document for filing" is defined as "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court of a United States district court in connection with a case" under Title 11. 11 U.S.C. § 110(a)(2).

a bankruptcy petition preparer; or (III) engaged in any other fraudulent, unfair, or deceptive conduct; and (ii) injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin the bankruptcy petition preparer from engaging in such conduct.

11 U.S.C. § 110(j)(2)(A).  Further specific determinations must be made before enjoining someone from acting as a petition preparer.  Under § 110(j)(2)(B):

> If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) <u>and</u> that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, or has not paid a penalty imposed under this section, the court may enjoin the person from acting as a bankruptcy petition preparer.

(emphasis added).

Casey offers two arguments that the bankruptcy court lacked subject matter jurisdiction: (1) he alleges that he assisted the debtor's spouse, not the debtor himself, and (2) the bankruptcy judge never found that he was a "petition preparer" within the meaning of § 110.  In affirming the bankruptcy court's decision, the district court reasoned that Rubia Martinez was not a disinterested third-party because Texas is a community property state.  As such, the bankruptcy estate includes certain interests of the debtor <u>and</u> the debtor's spouse.  See <u>In re Wright</u>, 99 B.R. 339, 342 (Bankr. N.D. Tex. 1989).  Therefore, the district court concluded that providing assistance to the debtor's wife was tantamount to providing assistance to the debtor for purposes of § 110.  We agree.  To hold otherwise would provide an end-run around the strictures of § 110 in contravention to its purpose.

Casey's argument that the bankruptcy court failed to find that he was a "petition preparer" is meritless.  As we explained earlier, § 110 applies only to a "bankruptcy petition preparer," defined as "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing."  § 110(a)(1).  In this case, the bankruptcy court did not issue written findings

6

of fact. Although not expressly stated, we find that the bankruptcy court implicitly found that Casey was a "bankruptcy petition preparer."[4] In addition to the transcript of the show cause hearing and the issuance of the injunction, the bankruptcy court noted in its denial of Casey's motion for rehearing that it had concluded "that Casey had in fact violated the ruling in Guttierez." In In re Guttierez, the same bankruptcy court construed § 110 in analyzing the conduct of Rosario Divins, an individual who offered assistance in the preparation and filing of a bankruptcy petition for a substantial fee. 248 B.R. at 292-99. The bankruptcy court concluded that an injunction was necessary because Divins had violated the express provisions of § 110 by, among other things, charging an excessive fee, and that she had engaged in fraudulent and deceptive conduct by offering and providing legal services without a law license. Id. at 294; see also § 110(j)(2)(A) (authorizing the issuance of an injunction against a bankruptcy petition preparer who "engaged in conduct in violation of this section or . . . engaged in any other fraudulent, unfair, or deceptive conduct"). The bankruptcy court found that Divins gave legal advice, in part, because she held herself out as a person who could "stop" foreclosure and she "provided the debtor bankruptcy information accompanied by her own interpretation of that information and advice on what to do with it." Id. at 296.

Although we conclude that the bankruptcy court implicitly found that Casey was a "bankruptcy petition preparer," we nevertheless vacate the injunction because the record does not reflect the requisite basis for this finding. Specifically, the record is unclear with regard to whether

---

[4] We reject Casey's additional assertion that the bankruptcy court "specifically determined that [he] was not a petition preparer, but nevertheless enjoined him from future preparation activities." (emphasis in original). Casey has taken the bankruptcy judge's comments out of context.

7

Casey "prepare[d] *for compensation* a document for filing."[5] § 110(a)(1) (emphasis added). Under § 110(a)(1), such a finding is necessary to bring Casey within the scope of the Act. The record reflects that Casey stated to the bankruptcy court that none of the $500 fee he was paid by Rubia Martinez was compensation for preparing a document for filing. On the other hand, in its Order to Appear and Show Cause, the bankruptcy court referred to a pro se questionnaire filed by Pedro Martinez, that is not in the record, in which Pedro Martinez indicated that he paid or promised to pay Casey a $500 fee for assisting him in filing the bankruptcy petition or completing forms. The resolution of this factual dispute is unclear and the record before this Court is devoid of sufficient evidence to sustain the bankruptcy court's implicit finding that Casey was a "bankruptcy petition preparer." Because we find that remand is necessary, we do not reach the remainder of Casey's arguments. For the foregoing reasons, we VACATE the injunction and REMAND for further consideration consistent with this opinion.

VACATE and REMAND.

---

[5] During the show cause hearing, the bankruptcy court stated the following:

Well, I tell you what, Mr. Casey, what your suggestion to the Court here today is that what you have is a service that is not directly related to bankruptcy, that the fee that you charge is the fee associated with finding other people to buy up this mortgage. I don't have any way to dispute that, and I am not inclined to second-guess what you've said.

If I thought the $500 fee was the fee that was being charged in exchange for assisting people to file bankruptcy, we have a real problem.